IN RE the ESTATE OF Bessie KUHN:

Randy S. CAFLISCH, Petitioner-Appellant,

v.

Julie STAUM, Respondent-Respondent.†

Court of Appeals

*No. 99–2635–FT. Submitted on briefs March 6, 2000.—Decided April 25, 2000.*

## 2000 WI App 113

(Also reported in 612 N.W.2d 385.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Roy A. Sjoberg* of *Sjoberg & Tebelius, P.A.*, Woodbury, Minnesota.

On behalf of the respondent-respondent, the cause was submitted on the brief of *H. Craig Haukaas*, Ashland.

On behalf of the Estate of Bessie Kuhn, the cause was submitted on the brief of *John P. Anderson* of *Spears, Carlson, Lindsey & Anderson*, Washburn.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Randy Caflisch appeals the probate court's construction of Bessie Kuhn's will. Kuhn used a standard Wisconsin basic will.[1] The will lists four recipients in the section for gifting property. However, although the will contains instructions that a signature is required next to every gift, there is no signature next to the gift for the final recipient, Julie Paskavis (n/k/a Julie Staum). The probate court concluded that Kuhn had substantially complied with the instructions and found the gift valid. Because the statute requires the testator's signature in order to make the gift, we reverse the order.

BACKGROUND

¶ 2. Kuhn died on September 29, 1998, less than two weeks after her husband, Robert Kuhn, had prede-

---

[1] The Wisconsin basic will statute became effective in 1984. *See* 1983 Wis. Act 376, § 1. WISCONSIN STAT. § 853.55 (1991–92) sets forth the will. All statutory references are to the 1991–92 version unless otherwise noted. This is an expedited appeal under WIS. STAT. RULE 809.17.

ceased her. The Kuhns signed a joint will.[2] They left no children, but had four godchildren. The "Disposition of My Property" section of Kuhn's will lists the four godchildren, two of whom are Caflisch and Staum. Next to each recipient's name are two boxes, one for describing the property gifted and the other for the signature of the testator. While there is a description of property in the appropriate box for each recipient, there is no signature in the box for the final recipient, Staum. The form instructs the testator to "SIGN IN EACH BOX USED" and also states: "If I fail to sign opposite any gift, then no gift is made." Apparently, the will was signed on February 1, 1991.[3]

¶ 3. At a probate court hearing, Staum argued that Kuhn had substantially complied with the instructions for making her gift.[4] The newly amended version of WIS. STAT. § 853.51 validates gifts made under substantial compliance with the will's instructions, and Staum argued that that version applies. Caflisch responded that the amended statute did not apply and, even if it did, that Kuhn had not substantially complied with the instructions. Caflisch also offered the testimony of his parents, who witnessed the will, as evidence that Kuhn intentionally decided not to sign next to Staum's gift.

---

[2] Although the Kuhns signed a joint will, we refer only to Bessie Kuhn because this appeal involves only her gifts.

[3] Caflisch contends, and neither Staum nor the personal representative disputes, that the Kuhns executed their will on February 1, 1991. We note, however, that the year does not appear anywhere on the will.

[4] Because both Staum and the personal representative have taken the same position at the circuit court level and on appeal, we refer to them collectively as Staum.

¶ 4. Without specifically addressing the statutory amendment issue, the probate court concluded that Kuhn had substantially complied with the will's instructions and that the gift was valid.[5] The court accepted no extrinsic evidence, and concluded that the will indicated Kuhn's intention to gift the property to Staum.

## DISCUSSION

¶ 5. Caflisch argues that the amended version of WIS. STAT. § 853.51 does not apply and that the probate court erred by concluding that Kuhn substantially complied with the requirements for making a gift to Staum. We agree and conclude that Kuhn was required to sign next to Staum's gift.

¶ 6. The interpretation of a will under undisputed facts presents a legal issue that we review without deference to the probate court. *See Holy Family Covenant v. DOR*, 157 Wis. 2d 192, 195, 458 N.W.2d 579 (Ct. App. 1990). Our task in construing a will is to

---

[5] The probate court also decided not to admit the testimony of Caflisch's parents based on its conclusion that they were interested persons under WIS. STAT. § 851.21 (1997–98). Section 851.21(1)(b) explains that "persons interested" include: "A beneficiary named in any document offered for probate as the will of the decedent . . . ." Under what is commonly referred to as the dead man's statute, WIS. STAT. § 885.16 (1997–98), a person interested may generally not be examined as a witness in respect to any communication the interested person had with the deceased where the opposing party derives his or her title from the deceased.

Caflisch argues on appeal that his parents were not really interested persons. Because we decide that there was no gift to Staum, however, we need not address this issue.

determine the testator's intent, and the best evidence of this is the language of the document itself. *See Lohr v. Viney*, 174 Wis. 2d 468, 480, 497 N.W.2d 730 (Ct. App. 1993). When the will is unambiguous, there is no need to look any further to ascertain the testator's intent, as it is clearly stated in the will. *See id.*

██

¶ 7. The Wisconsin basic will is governed by statute. Interpreting this statute also presents a question of law that we review without deference to the lower court. *See State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). Ascertaining legislative intent is the goal of statutory interpretation. *See id.*

¶ 8. WISCONSIN STAT. ch. 853 governs Wisconsin wills. Statutes provide "[t]he only method of executing a Wisconsin basic will . . . ." WIS. STAT. § 853.51. One of the requirements in 1991 was that the testator must "[c]omplete the blanks, boxes and lines according to the instructions." WIS. STAT. § 853.51(1)(a).

¶ 9. The legislature amended WIS. STAT. § 853.51 in 1997. *See* 1997 Wis. Act 188, § 163.[6] Section 853.51(1)(a) (1997–98) only requires the testator to complete the blanks, boxes and lines "substantially in accordance with the instructions." However, this language only applies "to deaths occurring after January 1, 1999, except with respect to irrevocable governing instruments executed before that date." 1997 Wis. Act 188, § 233(1). Kuhn died in 1998. Therefore the substantial compliance amendment only applies if Kuhn's will was an irrevocable governing instrument. We conclude that it was not.

¶ 10. WISCONSIN STAT. § 853.13 provides:

---

[6] The analysis by the Legislative Reference Bureau states that the new bill is intended to reduce some of the formality that is required for will execution.

**When will is contractual. (1)** A contract not to revoke a will can be established only by: (a) provisions of the will itself sufficiently stating the contract; (b) an express reference in the will to such a contract and evidence proving the terms of the contract; or (c) if the will makes no reference to a contract, clear and convincing evidence apart from the will.

**(2)** This section applies to a joint will (except if one of the testators has died prior to April 1, 1971) as well as to any other will; there is no presumption that the testators of a joint will have contracted not to revoke it.

Section 853.13 governs Kuhn's will. Subsection (2) states that there is no presumption that the joint will was an irrevocable contract. *See id.* Staum did not produce any evidence to the contrary, and the probate court did not address the issue.[7] We conclude that the joint will was not an irrevocable governing instrument. Accordingly, the amended version of WIS. STAT. § 853.51 does not apply.

¶ 11. We next consider the validity of Staum's gift under the prior statutory language. The instructions in Kuhn's will read in full:

I make the following gifts to the persons or charities in the cash amount stated in words ( . . . . . . Dollars) and figures ($ . . . . . .) or of the property described. I

---

[7] Staum fails to explain why WIS. STAT. § 853.15 does not control Kuhn's will. She cites several cases that do not apply because they involved a joint will where statutory factors indicated that the will was an irrevocable contract, *see Tilg v. DOR*, 92 Wis. 2d 266, 284 N.W.2d 638 (1979), or they involved a joint will that was not governed by § 853.15 because the statute had not yet become effective, *see Chayka v. Santini*, 47 Wis. 2d 102, 106, 176 N.W.2d 561 (1970).

SIGN IN EACH BOX USED. I WRITE THE WORDS "NOT USED" IN THE REMAINING BOXES. If I fail to sign opposite any gift, then no gift is made. If the person mentioned does not survive me or if the charity does not accept the gift, then no gift is made.

While the instructions are conspicuous and clear, Kuhn did not sign next to Staum's gift.

¶ 12. As discussed earlier, the method for executing a Wisconsin basic will is controlled by statute, and the testator must sign next to any gifted property. *See* WIS. STAT. § 853.51(1)(a). Section 853.51(1)(a) provides an exception to strictly following the will's instructions: "[a]ny failure to comply with instructions described under s. 853.54 (3) does not affect the validity of the will." WISCONSIN STAT. § 853.54(3), in turn, states that: "any failure to print in the proper places, provide the full name of a person or charity to receive a gift, include residences or use the phrase 'not used' where applicable does not affect the validity of a Wisconsin basic will . . . ."

¶ 13. None of these exceptions applies to Kuhn's failure to sign next to Staum's gift. We conclude that the legislature intended only those exceptions to following the will's instructions that are enumerated in WIS. STAT. § 853.54(3). When the legislature provides a finite list of exceptions to a general rule, we presume that the legislature did not intend other exceptions. *See Georgina G. v. Terry M.*, 184 Wis. 2d 492, 512, 516 N.W.2d 678 (1994). We also presume that the legislature chose its words deliberately. *See, e.g., Ball v. District No. 4, Area Bd. of VTAE*, 117 Wis. 2d 529, 539, 345 N.W.2d 389 (1984). Therefore, WIS. STAT.

§ 853.51(1)(a) requires the testator to sign in the appropriate box to make a valid gift.

¶ 14. Staum argues that even under the prior statutory version, a court should be able to consider whether the testator substantially complied with the requirements of making a valid gift. However, Staum does not provide any support for her argument from case law interpreting Wisconsin's statutory will. The cases she does cite support our interpretation. *See, e.g., Biesiadecki v. Stala*, 159 Wis. 2d 129, 134, 463 N.W.2d 866 (Ct. App. 1990) (Courts will sustain a will as legally executed but only if it is possible to do so consistent with the requirements of statutes.).

██

¶ 15. Staum also relies on the probate court's statement that holding Kuhn to the letter of the basic will would give more weight to the instructions than the intent evidenced by Kuhn's handwriting. We disagree. As we previously explained, the will's instructions are not complex and the admonition to testators is clear: "If I fail to sign opposite any gift, then no gift is made." Even if we were able to apply the test of substantial compliance, we would not conclude on this record that the will evinces Kuhn's intentions to make a gift to Staum. It would be speculative to assume that Kuhn did not read the instructions or merely neglected to take the formal step of signing next to the gift. The probate court found no ambiguity in the document and therefore did not consider any extrinsic evidence. Our independent review of the will leads us to conclude that there was no gift made to Staum.[8]

---

[8] WISCONSIN STAT. § 853.54(2) provides that "Any additions to or deletions from the face of the form of the Wisconsin basic will . . . other than in accordance with the instructions, shall be ineffective and shall be disregarded." The will also contains an

*By the Court.*—Order reversed and cause remanded.

instruction against altering the document. Although it is apparent on the face of Kuhn's will that the words "Not Used" were erased from under Staum's gift, Caflisch does not raise this argument and we do not address it.