Barbara Barritt, Plaintiff-Respondent,

v.

Mary Carolyn Lowe, d/b/a Kinni Valley Riding
Academy and General Star Indemnity Company,
Defendants-Appellants.

Court of Appeals

*No. 03–0034–FT. Submitted on briefs May 9, 2003.—Decided
July 29, 2003.*

2003 WI App 185

(Also reported in 669 N.W.2d 189.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Michael F. O'Brien* of *Kelly & Ryberg, S.C.* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Phillip Todryk* of *Todryk Law Office, S.C.* of Hudson.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Mary Carolyn Lowe, d/b/a Kinni Valley Riding Academy, and General Star Indemnity Company (Lowe) appeal a nonfinal order denying their motion for summary judgment.[1] Lowe claims the court erred when it determined that an exception to the equine activity immunity statute, WIS. STAT. § 895.481, applied to her and, therefore, she could be held liable for injuries Barbara Barritt sustained at her riding academy. Specifically, Lowe contends the court incorrectly determined that she "provide[d] an equine" under § 895.481(3)(b) when she sold Barritt a horse eight weeks prior to her injury. We agree with Lowe and therefore reverse the order and remand to the trial court with the direction to enter summary judgment in Lowe's favor.

## BACKGROUND

¶ 2.   Lowe owns the Kinni Valley Riding Academy in River Falls. The Academy provides riding lessons, horse training, a tack shop, and horse sales. Barritt

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

began taking lessons at the Academy in 1997. Barritt was somewhat apprehensive around horses because of a riding accident she had several years earlier. Consequently, she chose to proceed slowly and cautiously in her lessons. At her deposition, Barritt testified that she signed liability releases and was aware of the dangers of horseback riding before starting her lessons.

¶ 3. Barritt bought a horse named Cowboy from Lowe in October 1998. She had previously taken lessons on Cowboy and continued to receive instruction on the horse after the purchase. Barritt also boarded the horse at the Academy. At a lesson in November 1998, Lowe instructed Barritt to retrieve Cowboy from the pen for a lesson. While she was doing so, another horse attacked Cowboy and Barritt was injured as a result.

¶ 4. Barritt sued Lowe to recover for the injuries sustained in the attack. Lowe moved for summary judgment, arguing she was immune under WIS. STAT. § 895.481, which provides immunity for persons engaged in equine activities. Barritt, however, claimed that Lowe fell under an exception to the immunity statute because she had sold Cowboy to Barritt several weeks earlier. The trial court agreed and denied Lowe's motion for summary judgment. Lowe requested leave to appeal, which we granted.[2]

## DISCUSSION

■

¶ 5. We review a denial of summary judgment de novo, and we apply the same standard as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A party is entitled to summary judgment if there are no disputed issues of material fact

---

[2] Petition for leave to appeal was granted January 29, 2003.

and that party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). The parties do not dispute the facts and agree that the only issue is whether the exception to equine immunity found in Wis. Stat. § 895.481(3)(b) applies to Lowe.

¶ 6.   The construction of a statute presents a question of law that we review de novo. *State ex rel. Treat v. Puckett*, 2002 WI App 58, ¶ 9, 252 Wis. 2d 404, 643 N.W.2d 515. The predominant goal of all statutory interpretation is to ascertain legislative intent. *In re Estate of Kuhn*, 2000 WI App 113, ¶ 7, 235 Wis. 2d 210, 612 N.W.2d 385. Statutory interpretation begins with the plain language of the statute. *Alberte v. Anew Health Care Servs.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515. Generally, we construe words and phrases according to common and approved usage and, if necessary, may consult a dictionary. *State v. Sample*, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998); *see also* Wis. Stat. § 990.01(1). However, such reliance on a dictionary does not mean that the statute is ambiguous. *Id.*

¶ 7.   Wisconsin Stat. § 895.481 states in part:

**Civil liability exemption; equine activities. (1)** In this section:

(a) "Equine" means a donkey, hinny, horse, mule or pony.

(b) "Equine activity" means any of the following:

. . . .

2. Equine training or teaching.

3. Boarding of equines.

4. Riding, inspecting or evaluating an equine belonging to another, regardless of whether the owner of the equine receives monetary or other consideration for the use of the equine or permits the riding, inspection or evaluation of the equine.

5. Riding, training or driving an equine or being a passenger on an equine.

6. Riding, training or driving a vehicle pulled by an equine or being a passenger on a vehicle pulled by an equine.

. . . .

9. Assisting a person participating in an activity listed in subds. 1. to 8.

. . . .

(e) "Inherent risk of equine activities" means a danger or condition that is an integral part of equine activities, including all of the following:

1. The propensity of an equine to behave in a way that may result in injury or death to a person on or near it.

2. The unpredictability of an equine's reaction to a sound, movement or unfamiliar object, person or animal.

3. A collision with an object or another animal.

4. The potential for a person participating in an equine activity to act in a negligent manner, to fail to control the equine or to not act within his or her ability.

5. Natural hazards, including surface and subsurface conditions.

. . . .

(2) Except as provided in subs. (3) and (6), a person, including an equine activity sponsor or an equine professional, is immune from civil liability for acts or

868

omissions related to his or her participation in equine activities if a person participating in the equine activity is injured or killed as the result of an inherent risk of equine activities.

**(3)** The immunity under sub. (2) does not apply if the person seeking immunity does any of the following:

. . . .

(b) Provides an equine to a person and fails to make a reasonable effort to determine the ability of the person to engage safely in an equine activity or to safely manage the particular equine provided based on the person's representations of his or her ability.

¶ 8.   WISCONSIN STAT. § 895.481 grants immunity to persons engaged in equine activities if a person is injured or killed when participating in the activity. This immunity does not apply if a person "provides an equine" to another without making a determination of that person's ability to safely engage in the equine activity. The parties agree that Lowe was engaged in an equine activity at the time of the accident because she was boarding and training Cowboy and that Barritt was injured while participating in the equine activity. Their only dispute is whether Lowe provided an equine to Lowe by selling her Cowboy and therefore is exempt from immunity under WIS. STAT. § 895.481(3)(b).[3]

¶ 9.   Lowe contends the court erred by determining she provided Barritt with an equine. She argues that "provides" as used in the statutory exception does not refer to a sale and, even if it does, she provided the horse when she sold it to Barritt eight weeks before the

___

[3] Although the record is not entirely clear, it seems the parties do not dispute that Lowe failed to determine Barritt's ability to retrieve Cowboy from the pen.

accident and should therefore not be held liable. Barritt contends that the plain meaning of "provides" includes sales and, consequently, Lowe is liable.

¶ 10. We determine the trial court erred when it concluded Lowe provided Barritt with an equine when she sold Cowboy to her. The court's rationale was that the meaning of "provides" includes sales. We, however, conclude that the two concepts are not necessarily equivalent. "Provide" means "to supply for use," and "may suggest equipping [or] stocking." Webster's Third New Int'l Dictionary 1827 (unabr. 1993). "Sale" means "transferring the absolute or general ownership of property from one person . . . to another for a price." *Id.* at 2003. These are two different concepts. When a person sells something to another, the seller gives the buyer all of his or her interest in the item sold. Providing, on the other hand, suggests that the person supplying the item for use retains some interest in the item, for instance, its ownership. Because a sale is a transfer of ownership, and provide is not, we conclude "provides" does not include a sale under Wis. Stat. § 895.481(3)(b).

¶ 11. We find support for our conclusion in *Patrick v. Sferra*, 855 P.2d 320 (Wash. App. 1993). There, Patrick was injured while riding a horse that Ofsthus had recently given her. *Id.* at 321. The horse had been boarded at Sferra's stable before the transfer and Patrick continued to board it there. *Id.* Patrick had been taking riding lessons at the stable and had ridden the horse before it was given to her. *Id.* The Washington Equine Activities statute, Wash. Rev. Code §§ 4.24.530, 4.24.540, like our statute, generally provides immunity from liability for equine activities, and also made an exception to this immunity similar to Wisconsin's. *See*

*Patrick*, 855 P.2d at 322. Patrick sued both Ofsthus and Sferra, arguing that they provided her with the horse that injured her. *Id.* The Washington Court of Appeals disagreed, concluding that "provide" as used in the statute, "means to make available for use a horse that the sponsor either owns or controls. It does not encompass a horse that has been previously been given or sold to the individual claiming damages." *Id.* at 323. The court noted, however, that Ofsthus might have provided the horse prior to the transfer of its title. *Id.* Similarly, we are satisfied that the words "provides an equine" as used in Wis. Stat. § 895.481(3)(b) means to make available for use an equine that the provider either owns or controls and does not encompass an equine previously sold or given to the individual claiming damages.

¶ 12.   Based on this reasoning, we conclude Lowe did not provide Barritt with Cowboy. When she sold Cowboy, Lowe gave up all her ownership and control of the horse to Barritt. Therefore, the statutory exception to immunity found in Wis. Stat. § 895.841(3)(b) does not apply, and Lowe is immune from liability for any injuries Barritt suffered as a result of her participation in equine activities.

*By the Court.*—Order reversed and cause remanded with directions.