KUBINA, Respondent, vs. NICHOLS, Appellant.

*November 12—December 8, 1942.*

---

[1] Maguire, State Liability for Tort, 30 Harvard Law Review, 20, 37.

*Raymond W. Nichols* of Morristown, Minnesota, *in pro. per.* for the appellant.

For the respondent there was a brief by *Higbee & Higbee,* and oral argument by *Otto Marquardt,* all of La Crosse.

FOWLER, J.  The action is for partition of real estate. There was a trial to the court.  The court made and entered its findings of fact and conclusions of law.  From the judgment entered thereon, the defendant Raymond W. Nichols appeals.

No bill of exceptions was settled. The case is therefore for decision upon the record. The findings are full and in detail and specifically cover every issue made by the pleadings. The only question for determination, therefore, is whether the findings sustain the judgment. *Meyers v. Thorpe,* 227 Wis. 200, 278 N. W. 462. That they do is plain. The story disclosed by them is as follows: The defendant Raymond W. Nichols in 1930 became the owner of a one-fourth interest in a platted lot in Black River Falls as one of the four adult children of his deceased father. There was an old house on the lot which a sister of Raymond continued to occupy after her father's death. She paid the taxes on her one-fourth interest thereon, but neither Raymond nor the other heirs paid the taxes on their interests, and their three-fourths interest was sold to Jackson county for nonpayment of taxes thereon. The sister who paid her share of the taxes, Mrs. Callendar, purchased the tax certificate issued to the county, and in 1934 received a tax deed of that interest and thereafter paid all taxes assessed against the premises until she conveyed to the plaintiff Kubina in 1937. The premises were then worth $600, and that price was paid her by Kubina in the belief that the deed conveyed a good and marketable title of the entire interest in the lot. Kubina took possession of the premises under his deed and collected rentals of $4 a month until July, 1938, when he erected a garage on the premises at a cost of $6,000, and since its construction has conducted a garage business therein. The construction of the building enhanced the value of the premises by the amount of such costs. The present value of the lot does not exceed $600 and the value of the building is $6,000. At the time of the building of the garage Kubina borrowed $2,500 on the security of a mortgage thereon, and has since reduced the principal sum of the mortgage by payments of $730 and has paid the taxes on the premises. The purchase and occupancy of the premises and the construction of the garage and the payments on the mortgage were all made

and done by Kubina in the good-faith belief that his deed conveyed absolute title to the premises and the whole thereof in fee simple free from claims of all persons whomsoever except his own mortgagee.

In 1941 the plaintiff Raymond and a brother brought and prosecuted to judgment an action to have the tax deed to Mrs. Callendar set aside as void, and judgment was entered voiding the deed on the ground that one cotenant cannot by taking a tax deed affect the legal title of her cotenants.

After commencement of the action and before judgment the defendant Raymond purchased for $200 and had conveyed to him the one-half interests of the two heirs of his father other than himself and Mrs. Callendar, and in this partition action brought by Kubina claims that by virtue of the judgment setting aside the tax deed and declaring him possessed of the legal title to a three-fourths interest in the premises, he is entitled to three fourths of the entire proceeds of the sale of the premises directed by the instant judgment and three fourths of the rental value of the land and building ever since the completion of the building. He bases his claim to such rights solely on the title declared in him by the former judgment, and strenuously—even vehemently—asserts that that judgment is *res judicata,* as it unquestionably is. He thinks that the plaintiff in erecting the garage upon the land in which he owns a three-fourths interest was a mere trespasser *ab initio;* that if he erected a building on land not owned in entirety by himself it is just too bad for him, but three fourths to the good of the defendant co-owner; and that there is no such thing in the law as equity jurisdiction or granting judgment in partition according to the equities of the parties. In so thinking the defendant is as wholly wrong as he is wholly right in thinking that the judgment on which he relies fixes his legal title to a three-fourths interest in the land partitioned. In that action the rights of Kubina by virtue of his improvements were not determined or in issue, and that judg-

ment, although it is *res judicata,* has no effect or bearing upon those rights, and it is those rights and those only that are here in issue.

Partition is an equitable action.  *Deery v. McClintock,* 31 Wis. 195.   In such action the rights of the cotenants to share in the proceeds of sale of the land by virtue of enhancement of its value by construction of improvements are determinable. *Scheiner v. Arnold,* 142 Wis. 564, 126 N. W. 17.   These two cases seem to be the only Wisconsin decisions touching these rights, but the general rule is well known.   It is stated in 40 Am. Jur. p. 32, sec. 39, as follows:

"While at common law a tenant in common could not claim contribution in an action at law for partition of the property for necessary improvements made on the common property, without the consent of his cotenant, in equity a different rule applies, and the court acting on the maxim 'he who seeks equity must do equity' will take such improvements into consideration in decreeing a partition, even though made without consent or promise of contribution, provided they are necessary, useful, substantial, and permanent, enhancing the value of the estate. This rule has been adopted and applied, with but rare exceptions, in every jurisdiction where the action for partition is considered as one calling for equitable interposition and relief. . . ."

We have stated explicitly the power of the court to adjust the equitable rights of the parties to participate in the net avails of the sale to be had because the appellant was not represented by counsel either on the trial below or before us.   The defendant Raymond W. Nichols has acted as his own lawyer both below and here.   A litigant has the right so to act, but the exercise of that right, unless he is a practicing attorney, seldom if ever results in anything but ineffectual and senseless labor and great travail and useless expense to himself.

The findings and judgment of the court below show meticulous effort to give the defendant all to which he is equitably entitled.   The brief of the defendant does not specify any par-

ticular in which the judgment fails to give him such rights, if those rights are subject to adjustment. It is thus unnecessary to consider the details of the judgment.

*By the Court.*—The judgment of the circuit court is affirmed.