RAINER, Respondent, vs. HOLMES and another, Appellants.

*February 8—March 6, 1956.*

350

For the appellants there was a brief by *Roscoe Grimm* and *Geffs, Geffs, Block & Geffs,* all of Janesville, and oral argument by *Mr. Grimm* and *Mr. Jacob Geffs.*

For the respondent there was a brief by *Blakely & Long,* attorneys, and *Edward E. Grutzner* of counsel, all of Beloit, and oral argument by *J. R. Long.*

MARTIN, J.   To do justice between the parties is the object of a court of equity.   The rule is that a cotenant in possession may, in a partition action, be reimbursed for expenditures for improvements made in good faith for the preservation and enhancement in value of the common property.   Anno. 1 A. L. R., Partition, 1189.   Where he has

received rents and profits from the common property during his occupancy, the value of such rents and profits is to be offset against the value of the permanent improvements made by him. Anno. 136 A. L. R., Cotenants, 1022. What appellants seek in this action is the offset of the value of use and occupancy by respondent. The authorities are divided on this question. An examination of the annotations in 27 A. L. R. 184, 39 A. L. R. 408, and 136 A. L. R. 1022, reveals, however, that generally the cotenant in possession is not held accountable for use and occupancy in the absence of ouster or agreement to pay rent. As stated in 14 Am. Jur., Cotenancy, p. 166, sec. 102:

"A number of presumptions and inferences are indulged in connection with the relation of cotenancy. Until an actual ouster is shown, the law presumes that the possession of one co-owner is the possession of all. . . ." See also *Challefoux v. Ducharme* (1855), 4 Wis. *554.

In view of all the authorities, we are of the opinion that an allowance for use and occupancy in a case such as this should not be made unless the equities of the particular case require it.

Appellants cite the maxim that "he who seeks equity must do equity," and argue that respondent can "do equity" only by allowing as an offset against her expenditures for improvements the value of her use and occupancy.

Both the referee and the trial court recognized, as does this court, the equity done by the respondent in this case. When she entered into the occupancy of the property in 1937 she did so at considerable personal sacrifice. Her husband gave up his work in Illinois; they gave up their home there and moved to Afton, all because her younger sisters and brothers needed someone to take care of them and keep the family together. For the next ten years she supplied the children with every need that her industry and good management could provide on a meager income; she improved the prop-

erty from time to time as she could afford to and maintained it as a clean and wholesome home for their benefit as well as her own. She neither asked nor received any compensation for her care, and in gratuitously providing it she "did equity."

Respondent never excluded any of her cotenants from exercising their right to occupy the premises, either during those first ten years or afterward. There is no evidence that her sole possession of the property after 1947 was exclusive, nor is there any evidence that any of her cotenants understood or demanded that she pay rent for the use of the property. It may also be noted that none of the cotenants who occupied the premises for various periods of time after their mother's death were ever expected to pay for their use and occupation.

So far as reimbursement to respondent for the improvements, taxes, etc., is concerned, appellants argue:

"What both the referee and the trial court overlooked was the fact that the plaintiff made these improvements without any agreement for reimbursement, and in fact, never expected to be paid."

Whether the improvements were made upon some agreement between the cotenants or not is immaterial. In *Kubina v. Nichols* (1942), 241 Wis. 644, 648, 6 N. W. (2d) 657, this court adopted the rule stated in 40 Am. Jur., Partition, p. 32, sec. 39:

" 'While at common law a tenant in common could not claim contribution in an action at law for partition of the property for necessary improvements made on the common property, without the consent of his cotenant, in equity a different rule applies, and the court acting on the maxim "he who seeks equity must do equity" will take such improvements into consideration in decreeing a partition, even though made without consent or promise of contribution, provided they are necessary, useful, substantial, and permanent, enhancing the value of the estate. This rule has been adopted and applied, with but rare exceptions, in every jurisdiction

where the action for partition is considered as one calling for equitable interposition and relief.' "

There is no question that the improvements made by the respondent through the years of her occupancy were necessary, useful, substantial, and permanent and enhanced the value of the estate; and—

"In the absence of any evidence to the contrary, it may be presumed that an act of one cotenant favorable to all was done either with the knowledge and assent of his associates or else they thereafter ratified it." 14 Am. Jur., Cotenancy, p. 166, sec. 102.

In our opinion, both the referee and the trial court gave careful consideration to all the equities of the case and fairly concluded that the respondent should be reimbursed for her expenditures without being required to account for her use and occupancy of the premises.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., dissents.