HEYSE (Marvin), and wife, Respondents, v. HEYSE (Floyd), and wife, Appellants.*

*No. 222. Argued April 3, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 316.)

* Motion for rehearing denied, with costs, on June 26, 1970.

28

For the appellants there was a brief by *Johnson & DeBaufer* of Whitewater, and oral argument by *Robert C. DeBaufer.*

For the respondents there was a brief by *Soffa & Scholl* of Whitewater, and oral argument by *J. Dewey Scholl.*

HEFFERNAN, J.   The point initially raised in the brief of the defendant-appellant is the claim that the trial judge erred in not ordering a reference to determine whether the partition could be made without great prejudice to the owners. Defendant refers to sec. 276.10, Stats.,[1] and urges that such a determination by reference is mandatory upon the court. We do not agree. A reasonable reading of that statute makes it obvious that the legislature vested in the judge the discretion to make such a reference. The position of the defendant in this regard is wholly erroneous, and it is not mandatory that the trial judge order a reference for that purpose. While such a reference can be asked for, it is within the discretion of the trial judge to deny such a request. In addition to the legal insufficiency of the defendant's claim, no such request was ever made in the trial court, and the defendant-appellant has no standing to urge this point for the first time on appeal.

He contends that the credible evidence establishes that the disputed personal property is his sole property. The defendant is in error when he urges that the trial judge's findings be reversed because there is credible evidence to sustain his contention. That is not the test to be applied when reviewing findings of fact by a trial judge. The

---

[1] "276.10 **Practicability of partition; reference.** The order for partition may direct a proper person to inquire and to report whether the premises or any part of them are so circumstanced that partition among the parties interested cannot be made without great prejudice to the owners, and also to inquire and report whether the interest of the parties will be promoted by platting the premises sought to be partitioned or any part thereof."

question is whether the findings are contrary to the great weight and clear preponderance of the evidence. *First Credit Corp. v. Behrend* (1969), 45 Wis. 2d 243, 246, 172 N. W. 2d 668. Here, the trial judge made the finding that the personal property was jointly owned. We are satisfied that such finding is not contrary to the great weight and clear preponderance of the evidence.

Floyd claims that he acquired this property from his father in 1953 for one dollar. However, the strength of this assertion rests solely upon the credibility that is to be given to Floyd's statement. He attempts to buoy up his position by pointing out that the contested farm machinery was listed neither in his mother's nor father's estate. From this fact he argues that the inference to be drawn is that the disputed farm personalty was disposed of prior to the death of his parents and that he was the recipient of this personal property.

We cannot conclude, as a matter of law, that the omission of the farm machinery and personalty from the estate inventories necessitates a holding that the personalty was therefore the sole property of Floyd, particularly in face of the undisputed testimony that no claim was ever made prior to the time of the instant litigation that Floyd was the sole owner of the machinery. He attempts to point out that, after his mother's death, he had paid the personal property tax and that this is evidence that the personalty was his and not Marvin's. However, much of the disputed property is farm machinery, which, in any event, is exempt from taxation under sec. 70.111 (9), Stats. There was also testimony that indicated that the personal property tax was paid on certain cattle, not involved in this suit in any way.

In regard to the ownership of the disputed personalty, defendant attempted to introduce an exhibit which purported to be a breakdown of the items considered in assessing his personal property taxes during the years 1955 to 1965. Defendant apparently sought to prove that

certain items in this exhibit referred to machinery which he now claims as his. When the exhibit was sought to be introduced, the defendant testified that it was prepared by his wife. In view of the hearsay nature of such a written statement, the trial judge refused its admission. Defendant now asserts that he was mistaken and that the exhibit was not prepared by his wife but was in fact prepared by the town treasurer. It is obvious that this last minute, post-trial, attempt to authenticate this exhibit comes too late, and the trial judge, on the basis of the foundation laid by the defendant and his counsel at trial, properly excluded the exhibit.

It seems clear that the trial judge refused to give credence to much of the testimony of Floyd in regard to his acquisition of the personal property. Credibility is to be evaluated by the trier of the facts, and the trial judge was not obligated to believe Floyd's unsupported assertions. While there was evidence which if believed might tend to show that the property was solely Floyd's, the trial judge was not obligated to disregard contrary evidence; and we are satisfied that, even were he to give some credence to Floyd's assertions, his finding of joint ownership is not contrary to the great weight and clear preponderance of the evidence.

Defendant challenges that portion of the judgment which awards to the plaintiff $11,826.82 upon the sale of the farm for the improvements made to the farm. Marvin's right to recover the amount spent depends solely upon whether the evidence sustained the trial judge's conclusion that the improvements made by the plaintiff were reasonably necessary for the preservation and proper use of the property. *Rainer v. Holmes* (1956), 272 Wis. 349, 354, 75 N. W. 2d 290.

Two qualified real estate brokers testified that the expenditures were reasonable and necessary and were normal for present-day-family farm homes. The sole evidence to the contrary is the defendant's assertion that

he neither authorized the expenditures nor did he believe that the expenditures were necessary. He considered them extravagant.

We need not detail the undisputed testimony, which, among other things, showed that prior to the improvements the plaster was falling, there was no running water in the kitchen, there was no central heating and the space heaters in use were defective, and the wiring was far below the standard required for safety purposes. The trial judge found:

"That the improvements and repairs made by the plaintiffs to the premises were necessary to the preservation of the property and to make the premises habitable for a modern family."

Such findings are not contrary to the great weight and clear preponderance of the evidence.

The undisputed evidence indicates that the value of the property was substantially enhanced by Marvin's expenditures, and in view of the fact that these expenditures were necessary, he is entitled to the full recoupment of his outlay. The expenses incurred were proved by documentary evidence, and almost all of the expenditures were explicitly itemized. The defendant, however, objects to an item of $2,449.27. The exact amount of this expenditure is substantiated by a lien waiver, which acknowledged payment in full of that sum by the plaintiff. Defendant claims that this sum should not be included because the expenditures were not itemized. The plaintiff, questioned in regard to the materials covered by this waiver and receipt, stated that all of the materials covered by the invoice were used in the farm dwelling. Even without the documentary evidence of Exhibit 4, the testimony of Marvin, if believed, would be sufficient to prove that the sum was in fact used for the improvement of the building.

Defendant also challenges that part of the trial court's judgment that awarded the plaintiff rental for the period

of the defendant Floyd Heyse's sole occupancy of the premises. Ordinarily, a tenant in common is not obliged to pay rental to the nonoccupying cotenant. However, in the *Estate of Elsinger* (1961), 12 Wis. 2d 471, 475, 107 N. W. 2d 580, the court accepted the majority rule that such rental payment may be due where the conduct of one cotenant results in the ouster of the other. There is testimony in the record from which the trial judge could properly conclude that the plaintiff was ousted from possession of the premises. Marvin testified that in October, 1968, he and his family were locked out by Floyd and, although they broke in that night, they were obliged to leave the premises the following day. We are satisfied from the facts adduced at trial, the finder of fact could conclude there was an ouster from the premises commencing on that date, and accordingly an award of a reasonable amount of rent for the period thereafter was properly found.

Certain crops were harvested by Marvin in the absence of Floyd. The trial judge concluded that the proceeds from the sale of the crops were to be divided equally between the plaintiffs and the defendants. The defendant disagrees with that disposition. He now makes assertions of fact which the writer of this opinion has been unable to verify because defendant's counsel, in violation of the rules of this court, failed to key his brief to either the abridgement of the testimony or to the record. We nevertheless have attempted to determine the facts in regard to the crops from a verbatim examination of the transcript. The testimony, however, is disjointed and is susceptible to various interpretations; and plaintiff's brief violates the rules in the same respects. We can only conclude that, under the circumstances, the judge, acting as a judge of a court of equity, made the reasonable and proper determination that the proceeds of the crops should be divided equally between the parties.

Although defendant alleges that the trial court failed to provide for the disposition of the real estate as required by sec. 276.20, Stats., we conclude that the trial judge correctly followed such statute. The statute provides in part:

"If the court shall find that the land or any portion thereof is so situated that partition cannot be made without great prejudice to the owners, it may order the sheriff to sell the premises so situated at public auction."

In the instant case, the trial judge did not order the sheriff to proceed with the sale but ordered that the property should be sold as one parcel and provided that, if the parties could not agree on the sale of the real estate, the property should be turned over to a broker for sale. Sec. 276.20, Stats., although authorizing a sheriff's sale, does not compel such sale. It is permissive and within the discretion of the trial judge to order a sheriff's sale if he considers it appropriate. We see no reason why the court cannot under the terms of these statutes direct a sale by the parties, at least initially. The court provided that, in the event the parties could not agree, further approval of the court would be required. Again it should be noted that no objection was made to the order on this ground and no request for a sheriff's sale was made until this appeal.

The appeal brief contains numerous objections to the conduct of the trial court which could have been raised at trial or in post-trial motions and cannot be raised for the first time in this court.

We are satisfied that the judgment makes a reasonable disposition of the real property and provides for further court action in the event the parties cannot agree to a sale. During oral argument, however, it was agreed by the parties to this appeal that the judgment had failed to provide for the disposition of the disputed personalty held to be jointly owned. The state of the

record substantiates their claim that the parties cannot agree to a division of the personal property. The record is therefore remanded for the purpose of providing for the disposition by sale of the disputed personal property as provided for in sec. 277.02, Stats.

*By the Court.*—Judgment affirmed. The record is remanded for the purpose of further proceedings with respect to the disputed personal property not inconsistent with this opinion.

* Motion for rehearing denied, without costs, on June 26, 1970.