Janet M. KLAWITTER, Plaintiff-Respondent,

v.

Elmer H. KLAWITTER, Defendant-Appellant.†

Court of Appeals

*No. 00–1464. Submitted on briefs October 13, 2000.—Decided December 20, 2000.*

## 2001 WI App 16

(Also reported in 623 N.W.2d 169.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David Goluba* of Ripon.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James Grant* of Waupun.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, J. Elmer H. Klawitter appeals from the terms of a real estate partition judgment granted to Janet M. Klawitter, his former wife. Although not challenging the partition, Elmer complains that the trial court erred by rejecting his counterclaim seeking contribution from Janet for one-

half of the land contract and other property-related payments he made after the parties terminated their postdivorce, nonmarital relationship and Janet left the property. The court ruled that Janet's equitable entitlement to an offset for Elmer's use and occupancy of the property barred Elmer's contribution claim.

¶ 2. We affirm the trial court's legal and equitable determinations that Elmer's contribution claim was subject to an offset for his use and occupancy of the property. However, we hold that the court erred in failing to make the necessary factual findings as to the reasonable value of Elmer's contributions vis-à-vis the reasonable value of his use and occupancy of the property. Once that determination is made, the trial court may then determine the amount of contribution, if any, to which Elmer is entitled. We remand for further proceedings on this latter question.

### *Facts*

¶ 3. The historical facts in this case are not in dispute. Elmer and Janet were divorced in 1983, but thereafter resumed living together. In 1987, they purchased a five-acre "farmette" for $35,000 as joint tenants pursuant to a land contract. They lived on this property. They also leased additional property for farming purposes. The parties orally agreed to equally share the land contract payments and other expenses relating to the farmette. During this time, both parties were employed outside their home and both contributed some of their income to these obligations. The parties filed individual tax returns for these years. Since Elmer reported the farm operation on his returns, he was able to deduct the appropriate business expenses, take the appropriate depreciation on farm

equipment, and credit any losses against his employment income.

¶ 4.  Over time, the parties' relationship deteriorated and Janet left the residence in 1994. Thereafter, Elmer made all of the land contract, real estate tax, insurance and other maintenance payments relating to the property.

¶ 5.  In October 1997, Janet commenced this partition action pursuant to WIS. STAT. § 842.02 (1997–98).[1] Elmer responded with a counterclaim asking the trial court to quiet title in him under a declaratory judgment pursuant to WIS. STAT. § 841.01. Alternatively, Elmer asked for contribution from Janet for one-half of the land contract and related property payments he had made after Janet left the relationship. Following a bench trial, the trial court granted Janet's request for partition and ordered the property sold.[2] The court also denied Elmer's request that Janet reimburse him for one-half of the property-related payments he had made after Janet's departure. The court reasoned that Elmer's right to a proportionate share of reimbursement was offset by Janet's equitable entitlement to a proportionate share of Elmer's use and

---

[1] Janet's complaint also sought partition of certain personal property that the parties had owned. In addition, her complaint alleged causes of action for breach of contract, unjust enrichment, constructive trust and conversion. The trial court ordered partition of the personal property, and that matter is not before us. Nor are the other causes of action alleged by Janet since the court did not base its decision on those claims.

All references to the Wisconsin statutes are to the 1997–98 version.

[2] Thus, the trial court rejected Elmer's quiet title request. Elmer does not appeal this ruling.

occupancy of the property. Elmer appeals this portion of the judgment.

## *Discussion*

¶ 6.  As noted, Elmer does not appeal the trial court's grant of partition to Janet. Rather, he challenges the trial court's ruling that his contribution claim was subject to an offset for his use and occupancy of the property.

¶ 7.  Although the trial court's grant of partition is not at issue, we begin with the law of partition because it bears upon the appellate issue. WISCONSIN STAT. § 842.02 authorizes a partition action.[3] The statute represents a codification of the common law of partition. *See Watts v. Watts*, 137 Wis. 2d 506, 535, 405 N.W.2d 303 (1987). Thus, "partition is a remedy under both the statutes and common law." *Id*. Partition, although now codified in our statutes, is an equitable action. *See Kubina v. Nichols*, 241 Wis. 644, 648, 6 N.W.2d 657 (1942).

---

[3] WISCONSIN STAT. § 842.02 states:

(1)  A person having an interest in real property jointly or in common with others may sue for judgment partitioning such interest unless an action for partition is prohibited elsewhere in the statutes or by agreement between the parties for a period not to exceed 30 years.

(2)  The plaintiff in the plaintiff's complaint may demand judgment of partition and, in the alternative, if partition is impossible, judicial sale of the land or interest, and division of the proceeds.

Here, the trial court determined that pure partition was not practical, so the court ordered the property sold and the proceeds divided pursuant to subsec. (2). Neither party challenges this ruling.

¶ 8.   We apply the erroneous exercise of discretion standard in reviewing decisions in equity. *See Wynhoff v. Vogt*, 2000 WI App 57, ¶ 3, 233 Wis. 2d 673, 608 N.W.2d 400, *review denied*, 237 Wis. 2d 258, 618 N.W.2d 749 (Wis. July 27, 2000) (No. 99–0103). Such review is "highly deferential." *Tralmer Sales & Serv., Inc. v. Erickson*, 186 Wis. 2d 549, 572, 521 N.W.2d 182 (Ct. App. 1994). "Discretionary acts are upheld if the circuit court 'examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.' " *Wynhoff*, 2000 WI App 57 at ¶ 13 (citations omitted).

¶ 9.   WISCONSIN STAT. § 842.14(4) expressly authorizes a circuit court *in equity* to order compensation by one party to the other when a partition does not equalize the positions of the parties.[4] Although Elmer did not invoke § 842.14(4) as the basis for his contribution claim, the situation envisioned by the statute is the very one represented by Elmer's counterclaim. Elmer contended that a partition would not make him equal with Janet because he had continued to make the various property-related payments after Janet had left the relationship. But the trial court saw Elmer's claim as also implicating equitable considerations on Janet's side of the ledger. In support of its ruling, the trial court said, "It would not be justice . . . to require [Janet] to contribute to [Elmer's] . . . payments, on the one

---

[4] WISCONSIN STAT. § 842.14(4) states in part:

If partition is adjudged, and if it appears that it cannot be made equal between the parties without prejudice to the rights or interests of some of them, the court may provide in its judgment that compensation be made by one party to the other for equality of partition, according to the *equity* of the case . . . . (Emphasis added.)

hand, and on the other, not require him to account for his profits and use since [Janet] left."[5]

¶ 10. The evidence established that the parties agreed to share the farmette expenses equally. That arrangement broke down when the parties terminated their relationship. To his detriment, Elmer then took on all of the property-related payments. But to his benefit, he continued to enjoy the full use and occupancy of the property. To her benefit, Janet no longer contributed to the expenses of the property. But to her detriment, she lost the use and occupancy of the property. The trial court properly noted these factors in its decision. In addition, we note that while the parties lived together, they filed separate income tax returns with Elmer reporting the farm business on his return. Thus, he was able to obtain the tax benefits from that operation including deductions, depreciation, and any losses credited against his regular employment income. Yet, during this same period of time, Janet contributed to the expenses of the farm operation without any corresponding tax benefits.[6]

---

[5] We acknowledge that Janet's complaint did not seek any payment for Elmer's use and occupancy of the premises. Rather, she limited her claim to partition. However, she defended against Elmer's counterclaim on the basis of her entitlement to an offset even though she was not seeking such an award.

[6] The trial court did not expressly cite to this tax history in its ruling. However, this history was detailed at the bench trial and in the arguments to the trial court. When reviewing a trial court's exercise of discretion, we are permitted to search the record for reasons to sustain such a determination. *See Tralmer Sales & Serv., Inc. v. Erickson*, 186 Wis. 2d 549, 572–73, 521 N.W.2d 182 (Ct. App. 1994).

¶ 11. We view these facts as supporting the trial court's equitable determination that Elmer's contribution claim should be offset by the reasonable value of his use and occupancy of the premises. As noted, WIS. STAT. § 842.14(4) expressly authorizes a trial court to invoke equity when considering whether an equalizing payment should be made in a partition action.

¶ 12. Elmer argues, however, that because Janet voluntarily departed, she should not be heard in equity to assert an offset against his contribution claim. Actually, the evidence is in conflict as to whether Janet's departure was voluntary. Janet testified that Elmer was abusive to her and had threatened her with a weapon. She also testified that she left the premises without advance notice to Elmer because she was afraid he would not otherwise allow her to leave. Elmer denied these accusations. But the trial court did not see a need to resolve this dispute. Instead, the court took a more practical approach, noting that the parties' marital-like relationship had soured. Thus, the court reasoned, "When that relationship ended, one or the other, common sense tells us, is going to have to leave the premises." Therefore, the court declined to hold Janet's departure, whether voluntary or involuntary, against her. We agree with the trial court's "common-sense" handling of this event.

¶ 13. Elmer has an alternative argument against the trial court's ruling. He contends that WIS. STAT. § 700.23 is the controlling statute as to Janet's right to an offset, and he argues that the requirements of the statute were not satisfied in this case. This statute provides that after a written demand, a nonoccupying cotenant may recover from an occupying cotenant a proportionate share of the reasonable rental value of

693

the land if the occupying cotenant has ousted the nonoccupying cotenant.[7] Elmer says that the evidence does not establish either a written demand by Janet or his "ouster" of her from the property.

¶ 14.   We agree with Elmer that the evidence does not demonstrate a written demand by Janet. And while the evidence might arguably demonstrate an "ouster," we have previously noted that the trial court did not make such a finding. But we do not agree that this barred Janet from asserting an offset claim as a defense to Elmer's counterclaim. As noted, WIS. STAT. § 700.23(3) speaks to a situation where the nonoccupying cotenant has been ousted from the property. *But the statute does not purport to address a situation such as here where there has been no ouster.* Therefore, we reject Elmer's premise that the statute addresses all situations where a nonoccupying cotenant asserts a claim against a cotenant in possession.[8]

¶ 15.   Our holding is supported by the supreme court's decision in *Rainer v. Holmes*, 272 Wis. 349, 75 N.W.2d 290 (1956), a case noted by the trial court. In *Rainer*, the occupying cotenant sought partition and

---

[7] WISCONSIN STAT. § 700.23(3) provides, in relevant part:

> If land belonging to such cotenants is occupied by one cotenant and not by another, any cotenant not occupying the premises may recover from the occupying cotenant:
>
> (a)   A proportionate share of the reasonable rental value of the land accruing after written demand for rent if the occupying tenant manifests an intent to occupy the premises to the exclusion of the other cotenant or cotenants.

[8] Thus, this is not a case where the trial court improperly invoked equity in the face of a statutory mandate to the contrary. *See GMAC Mortgage Corp. v. Gisvold*, 215 Wis. 2d 459, 480, 572 N.W.2d 466 (1998).

proportionate reimbursement for improvement, taxes and insurance payments she had made relative to the property. *See id*. at 350. The trial court ordered the property sold and granted the occupying cotenant's reimbursement request. *See id*. at 350–52. One of the nonoccupying cotenants challenged this reimbursement award, *see id*. at 352, contending that the trial court should have offset the reasonable value of the occupying cotenant's use and occupancy of the property against her reimbursement award. *See id*. at 353.

¶ 16.  The supreme court began its analysis by stating the general rule that "the cotenant in possession is not held accountable for use and occupancy in the absence of ouster or agreement to pay rent." *Id*. However, the court adopted an important qualifier: "[W]e are of the opinion that an allowance for use and occupancy in a case such as this should not be made *unless the equities of the particular case require it*." *Id*. (emphasis added). After considering the equities of the case, the supreme court upheld the trial court's ruling that the occupying cotenant was entitled to reimbursement "without being required to account for her use and occupancy of the premises." *Id*. at 355.

¶ 17.  Here, although the facts are different than those in *Rainer*, the core issue is the same: under what circumstances, if any, does the law allow for an offset for use and occupancy by the occupying cotenant? The answer is set out in *Rainer*: generally an allowance for use and occupancy is not proper, but the equities of a given case may permit such an allowance. *See id*. at 353. And as we have already held, the trial court properly exercised its equity discretion in this case.

¶ 18.  Elmer argues that *Rainer* does not govern this case because "*Rainer* dealt only with the issue of recoupment of expenditures made for improvements."

We disagree. The supreme court cast the appellants' argument as follows: "What appellants seek in this action is the *offset of the value of use and occupancy by respondent.*" *Id.* (emphasis added). And the court's discussion focused squarely on the "use and occupancy" question. We reject Elmer's attempt to put a different slant on *Rainer.*[9]

¶ 19.  Having upheld the trial court's equitable determination that the reasonable value of Elmer's use and occupancy of the premises can be offset against the reasonable value of his contributions, the next question is what are those reasonable values? But the court made no express findings on this question. It may be that the court was implicitly finding that these values were sufficiently equal such that no balancing payment to Elmer was warranted. But we are unable to glean that from the evidence in this case.

¶ 20.  We acknowledge that the trial court did say, "the only evidence of value shows that the value of the farmette is now less than that on the date of defendant's departure." But that remark speaks to the value of the property, not to the reasonable value of Elmer's contributions measured against the reasonable value of his use and occupancy. And even assuming, without deciding, that diminished value of the property bears upon this "balancing" exercise, we question whether the evidence supports the trial court's statement. The parties purchased the property for $35,000. According

[9] Elmer also argues that any reliance on *Rainer v. Holmes,* 272 Wis. 349, 75 N.W.2d 290 (1956), is misplaced because of the legislature's later enactment of WIS. STAT. § 700.23(3). However, we have already held that the statute does not apply to this case. Moreover, the statute does not speak to partition or the authority of a court acting in equity to order a balancing payment pursuant to WIS. STAT. § 842.14(4).

to Janet's appraiser, the value of the property in 1994 when Janet left the relationship was $55,000. A later appraisal in 1998 placed the value of the property at $65,000.

¶ 21. In summary, the trial court answered only half of the inquiry. The court correctly interpreted the law of partition and properly exercised its discretion by ruling that Elmer's contribution claim was subject to an offset for his use and occupancy of the property. But the trial court did not answer the other half of the inquiry—what are the values of these two components? Only after these additional answers are provided can the court determine the amount, if any, of Elmer's "balancing" payment. We therefore reverse this portion of the judgment and remand for further proceedings. If the court concludes that it needs additional evidence on this question, it is authorized to reopen the evidentiary proceedings.

### *Conclusion*

¶ 22. We uphold the trial court's legal and equitable holdings that Elmer's contribution claim is subject to an offset for his use and occupancy of the property. However, those holdings alone do not fully resolve the case. We remand for further fact-finding as to the reasonable value of these two components. Those further findings will then allow the trial court to determine the ultimate issue—what amount of reimbursement, if any, should be awarded to Elmer.

¶ 23. Costs are not awarded to either party.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.