SHIRLEY S. ABRAHAMSON, J.
¶ 58. (concurring in part and dissenting in part). Counsel for Vandenberg's co-tenants in common advised the court in a letter dated May 20, 2016, that the parties reached a settlement in the instant case. The letter asked that "the Court hold any opinion in this matter in abeyance pending circulation of final settlement documentation," and advised that " [a] formal stipulation and order for dismissal will be submitted to the Court in short order as soon as the parties finalize the documentation necessary to effectuate this settlement."
¶ 59. After the opinions in the instant case were scheduled for release, on June 21, 2016, counsel for Vandenberg's co-tenants in common submitted a "stipulation to dismiss appeal" to the Clerk of the Wisconsin Supreme Court signed by counsel for Vandenberg's co-tenants in common, the Wisconsin Department of Revenue, and Prince Corporation.[1] The cover letter and stipulation are attached.
¶ 60. Other parties have appeared at various stages in the instant case. For example, Van De Hey *418 Real Estate, LLC, the prospective buyer of the land at issue in the instant case, was represented by counsel in the circuit court. Only Vandenberg's co-tenants in common, the Department of Revenue, and Prince Corporation, however, appeared in the court of appeals, and only the co-tenants in common and the Department of Revenue filed briefs and argued before this court.
f 61. The intended effect of this stipulation is somewhat unclear. The cover letter says there is a proposed order, but no proposed order is attached. The cover letter says the parties have fully resolved the matter and includes the case numbers in both the circuit court and this court. The stipulation, however, is captioned as a "stipulation to dismiss appeal" and is signed only by the parties who have appeared in the court of appeals and this court. Thus, the parties signing the stipulation might wish only to dismiss this review, not the underlying action in the circuit court.
¶ 62. Although the majority opinion acknowledges the receipt of the May 20, 2016 letter, the majority opinion does not acknowledge the receipt of the stipulation sent on June 21, 2016. Rather, the majority opinion explains that "we issue our decision herein notwithstanding the parties' asserted resolution of their dispute" because the issues raised in the instant case are of statewide importance.[2]
¶ 63. I agree that these opinions should be released: The issues raised are important; the issues raised are likely to recur; the court unanimously agrees that the court of appeals erred in deciding the garnishment issues presented; and the justices disagree about partition.
*419 ¶ 64. I disagree, however, with the decision to issue opinions today. I would hold our opinions pending clarification of whether remanding the cause to the circuit court remains the appropriate course in light of the parties' "settlement."
¶ 65. Issuing the majority opinion in its present form risks confusion over whether the fact finding the majority directs still must take place on remand and whether the circuit court may allow the parties to dismiss their action by stipulation given the majority opinion's direction on the remand.[3]
¶ 66. I turn now to the merits. Although the majority opinion correctly decides the garnishment issues presented, the decision is an exercise in futility. The various claimed rights and interests in the real property remain unresolved. The majority opinion leaves the parties in legal and financial limbo.
f 67. I dissent on the issue of partition. I would reverse the decision of the court of appeals holding that the circuit court did not err in refusing to order partition.[4] Were it not for the parties' possible settlement, I would remand the cause to the circuit court to consider whether to order partition by sale to Van De Hey or to consider any other equitable remedies that may be appropriate. The court of appeals' decision (and the circuit court's decision denying partition) erred in concluding that ordering partition would result in prejudice either to the buyer, Van De Hey, or to James Vandenberg's creditors, who apparently hold liens *420 worth more than $400,000 against James Vandenberg's share of the real property.
¶ 68. The third payment under the land contract is the subject of the garnishment proceedings. Why, given the majority opinion's conclusions, would Van De Hey pay Vandenberg and his co-tenants in common the third installment due under the land contract when it is obvious that, without additional actions being taken, Vandenberg and the other tenants in common cannot fulfill the terms of the land contract — that is, they cannot provide Van De Hey title to the real property free and clear of all encumbrances?
¶ 69. James Vandenberg, his co-tenants in common, and Van De Hey ask for a fair opportunity to present their partition claim to the circuit court in an effort to clear title. I would give them that opportunity.[5]
¶ 70. As the court of appeals recognized, the value of the entire real property, let alone James Vandenberg's one-quarter interest, is substantially less than the amount of the recorded liens and encumbrances against James Vandenberg's one-quarter interest.[6]
¶ 71. At the same time, Van De Hey has already paid $227,800 for the property in the first two payments on the land contract. Some of that money *421 apparently may have gone to satisfy a first mortgage against James Vandenberg's one-quarter interest in the property. If the sale cannot go forward because title cannot be provided free and clear of all liens and encumbrances, then Van De Hey likely will not make the third and final payment and will try to recover its other payments.
¶ 72. Partition by sale seems to offer a way that the land contract transaction can be completed and the lienholders fairly compensated in order of priority, in a procedure akin to a foreclosure. In the instant case, partition would be initiated by the title holders. In foreclosure, the lienholders initiate the procedure.
¶ 73. James Vandenberg, the intervenors (Vandenberg's co-tenants in common), and the buyer, Van De Hey, seek partition by sale. They argue that partition by sale would enable Van De Hey to make the final payment under the land contract; would enable James Vandenberg's one-quarter share of the proceeds of the partition by sale to be distributed to his lienholders in order of priority; would enable the liens on James Vandenberg's share of the real property to be extinguished; would leave James Vandenberg liable for debts to his creditors; and would allow James Vandenberg and the co-tenants in common to provide title to the real property to Van De Hey (or another buyer) free and clear of all encumbrances.[7]
*422 ¶ 74. I conclude that the circuit court erroneously exercised its discretion as a matter of law in denying partition by sale.[8]
¶ 75. The court of appeals affirmed the circuit court's denial of partition, concluding that partition would prejudice both Van De Hey and the lienholders.[9] *423 The court of appeals erred as a matter of law in failing to recognize that in the partition as proposed by the intervenors, all persons interested in the real property (including Van De Hey and the lienholders) would have an opportunity to be heard and have their interests determined.[10] See Parts II and III of this dissent.
1 76. Because it has not been shown that partition will prejudice the rights or interests of persons with an interest in the real property, I disagree with the conclusions of the circuit court and court of appeals.
¶ 77. I would, in the absence of the parties' settlement, remand the cause to the circuit court to consider whether to order partition by sale or any other equitable remedies necessary to untangle this thorny dispute.
¶ 78. For the reasons set forth, I write separately.
HH
I 79. I begin by considering the nature of equitable remedies and the equitable powers of a circuit court. I then turn to partition. Partition is an equitable remedy dating back to Elizabethan times.[11] In Wiscon *424 sin, "partition is a remedy under both the statutes and common law."[12]
¶ 80. As the following texts and cases recognize, equitable powers are broad and flexible:
• Equity has the "power to enlarge the scope of these ordinary forms of relief, and even to contrive new ones adapted to new circumstances . . . ." 1 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 116 (Spencer W. Symons, 5th ed. 1941).
• "If the customary forms of relief do not fit the case, or a form of relief more equitable to the parties than those ordinarily applied can be devised, no reason is perceived why it may not be granted." Meyer v. Reif 217 Wis. 11, 20, 258 N.W. 391 (1935).[13]
• "Equity can, at times, do complete justice in the resolution of the controversy before the court, and the court will use the remedy in order to prevent the same controversy in the future." *425 Mulder v. Mittelstadt, 120 Wis. 2d 103, 116, 352 N.W.2d 223 (1984) (citations omitted).
• "Equity has followed the true principle of contriving its remedies so that they shall correspond both to the primary right of the injured party, and to the wrong by which that right has been violated. It has, therefore, never placed any limits to the remedies which it can grant, either with respect to their substance, their form, or their extent, but has always preserved the elements of flexibility and expansiveness, so that new ones may be invented, or old ones modified, in order to meet the requirements of every case . . . ." 1 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 111 (Spencer W. Symons ed., 5th ed. 1941).
¶ 81. Partition is an equitable remedy that allows a court to divide real property owned in undivided shares by two or more persons either physically (into individually owned, separate parcels) or, if division of the real property cannot be made, then by sale with the proceeds divided.[14]
¶ 82. "The right of a cotenant to partition and convey his or her interest in real property is favored in the law; it is often said to be a matter of right." Schneider v. Schneider, 132 Wis. 2d 171, 176, 389 N.W.2d 835 (Ct. App. 1986) (citation omitted).
¶ 83. The phrase "interest in real property," used in Schneider and oft-used in the partition statutes, is defined in Wis. Stat. § 840.01 (for the purposes of *426 chapters 840 to 846) as including "security interests and liens on land . . . ."[15] Chapter 842 of the statutes governs partition.
¶ 84. Section 842.02 declares that a person having an interest in real property may sue for partition: "A person having an interest in real property jointly or in common with others may sue for judgment partitioning such interest unless an action for partition is prohibited elsewhere in the statutes or by agreement between the parties for a period not to exceed 30 years."
¶ 85. In partitioning real property, a circuit court has broad equitable powers. For example, a circuit court may order partition and a private sale that tracks the terms of an earlier contract. As this court stated in Heyse v. Heyse, 47 Wis. 2d 27, 37, 176 N.W.2d 316 (1970): "[The statute], although authorizing a sheriffs sale, does not compel such sale. It is permissive and within the discretion of the trial judge to order a sheriffs sale if he [or she] considers it appropriate. We see no reason why the court cannot under the terms of these statutes direct a sale by the parties, at least initially."
¶ 86. This court and the court of appeals have stated various other principles of law governing the equitable remedy of partition. For example:
• "Equity does not limit the trial court to the statutory partition remedies found in Wis. Stat. § 842.02(2). The power of the court to 'enlarge *427 the scope of the ordinary forms of relief, and even to contrive new ones adapted to new circumstances' makes it possible that in its discretion the trial court could have ordered a sale tracking the terms and conditions'" of, for example, an option contract. Schmit v. Klumpyan, 2003 WI App 107, ¶ 26, 264 Wis. 2d 414, 663 N.W.2d 331.
• " [I]t is within the discretion of the trial court to order any remedy, including a private sale by the parties, that is equitable." Schmit, 264 Wis. 2d 414, ¶ 22 (citing Heyse, 47 Wis. 2d at 37).
• "The equitable nature of a partition action gives the trial court the discretion to fashion a remedy that meets the needs of the specific case." Schmit, 264 Wis. 2d 414, ¶ 26 (citing Mulder, 120 Wis. 2d at 115).
• A sale of the real property is a legitimate goal of a partition. See Schmit, 264 Wis. 2d 414, ¶ 25.
• In certain cases, equity can "do complete justice in the resolution of the controversy before the court," and the court will use the equitable remedy in order to prevent future controversy. Mulder, 120 Wis. 2d at 116; see also Schmit, 264 Wis. 2d 414, ¶ 26.
hH f-H
¶ 87. I now turn to the decision of the circuit court relating to partition. The circuit court concluded that partition was inappropriate in the instant case because it would prejudice Van De Hey.
¶ 88. A finding of prejudice to the owners "within the meaning of Wis. Stat. § 842.17(1) requires a legal conclusion. We are not bound by a trial court's conclu *428 sion of law." LaRene v. LaRene, 133 Wis. 2d 115, 120-21, 394 N.W.2d 742 (Ct. App. 1986) (internal citation omitted).
¶ 89. The circuit court misinterpreted the law. It concluded its equitable powers in ordering partition were limited to only those remedies contained in Wis. Stat. ch. 842. In so doing, the circuit court determined that either a physical partition of the real property or a judicial sale at a public auction would be prejudicial to Van De Hey.[16]
¶ 90. The circuit court failed to recognize that it was not limited to the statutory remedies in ch. 842 and that Van De Hey did not consider partition prejudicial to it. See Schmit, 264 Wis. 2d 414, ¶ 22 (citing Heyse, 47 Wis. 2d at 37). The circuit court should have considered whether the appropriate equitable remedy would have been ordering partition, specifically partition by sale tracking the terms and conditions of the parties' land contract, or whether some other equitable remedy was available.
¶ 91. The circuit court erred in failing to consider partition seriously as an available equitable remedy, in failing to recognize the scope of its discretion in ordering partition, and in failing to recognize that partition need not prejudice the rights of Van De Hey.
HH h — ! HH
¶ 92. I now turn to the decision of the court of appeals. The court of appeals concluded that partition and a sale tracking the terms of the parties' land contract would prejudice the interests of Van De Hey and James Vandenberg's lienholders.
*429 ¶ 93. The court of appeals acknowledged that the circuit court could have exercised its discretion to order partition and a sale of the real property under the terms of the parties' contract.[17] The court of appeals affirmed the circuit court's denial of partition, however, after concluding that "this procedure would clearly prejudice the lienholders ... by terminating the security for Vandenberg's debts."[18]
¶ 94. The court of appeals erred, in my opinion, as a matter of law.[19] Contrary to what the court of appeals believed, partition does not necessarily strip lienholders of their rights.
¶ 95. To understand partition and its effect on lienholders' rights and interests, I begin with guiding legal principles.
¶ 96. First, when real property is owned by tenants in common, as in the instant case, with each individual co-tenant having an equal, undivided ownership interest, a creditor of an individual co-tenant may claim an interest only in that co-tenant's share of the real property or proceeds of a sale thereof.[20] In other words, a creditor's rights in the real property or proceeds of a sale are no greater than the debtor's. A creditor has no rights in any of the interests held by the remaining, non-debtor co-tenants.[21]
*430 f 97. Thus the lienholders are entitled to no more than James Vandenberg's one-quarter interest in the real property. The liens attached only to James Vandenberg's one-quarter interest in the real property, nothing more.[22] As a result, partition need not prejudice the lienholders; it would merely confine the lienholders' interests to the interest in the real property on which the liens are secured — namely, James Vandenberg's one-quarter interest.[23]
*431 ¶ 98. Because the liens may significantly exceed the value of James Vandenberg's one-quarter interest (indeed they may exceed the value of the property as a whole), some of the lienholders may not get paid from the collateral. This result may be inevitable, regardless of whether partition is granted. James Vandenberg's interest in the real property apparently may not be large enough to satisfy his debts, and denying partition in the instant case will not change that fact.[24]
¶ 99. When a judgment of partition would affect the interest of, among others, a lienholder or a person in physical possession, such persons must be joined as defendants. See Wis. Stat. § 842.04.
¶ 100. If the circuit court determines that partition is proper, it may render a judgment of partition. See Wis. Stat. § 842.14(1). Partition severs the lien-holder's interest in the debtor's undivided share of the estate. See Wis. Stat. § 842.14(3) ("If partition is adjudged, existing liens shall not be affected or impaired, except that a lien upon an undivided interest or estate shall thereafter be a charge only on the share assigned to the party against whom it exists . . . .") (emphasis added).
*432 ¶ 101. Other provisions of the partition statutes, however, pertain to the interests of lienholders when a partition by sale occurs. The circuit court may order a partition by sale even if tenants or lienholders do not consent, subject to the nonconsenting tenants or lien-holders' interests. See Wis. Stat. § 842.17(3). In the event of such a sale, the amount of the liens upon the undivided shares is first determined, and the court orders "a distribution of the money pertaining to such shares to be made among the lien creditors according to the priority thereof, respectively; and the clerk of court shall procure satisfaction thereof to be acknowledged as required by law and cause such lien to be duly satisfied of record . . . ." See Wis. Stat. § 842.23.
1 102. The court of appeals did not consider these provisions or other provisions in the partition statutes that confine the lienholders' interests to the debtor's share of the property to which the lien attaches.
¶ 103. The court of appeals, in my opinion, should have considered these statutes, as well as Wis. Stat. § 842.24, which discusses partition proceedings to settle liens as follows:
842.24 Proceedings not to affect whom. The proceedings to ascertain and settle the amount of liens, as herein provided, shall not affect any other party in such action nor delay the paying over or investing the moneys to or for the benefit of any party upon whose interest there does not appear to be any existing lien.
¶ 104. In the exercise of its equitable discretion to determine the appropriate remedy in the instant case, I conclude that, in the absence of the parties' settlement, the circuit court should give full consideration on remand to the request of James Vandenberg, *433 the intervenors, and Van De Hey for partition and to the interests of the lienholders.
¶ 105. Because I conclude that the circuit court and court of appeals made errors of law by not fully considering equitable remedies and partition, I would reverse the decision of the court of appeals and would, setting aside my questions regarding the parties' settlement, remand the cause to the circuit court for further proceedings to consider partition and other appropriate equitable remedies.
¶ 106. For the reasons set forth, I write separately.
¶ 107. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.
*434 [[Image here]]
*435 [[Image here]]
*436 [[Image here]]

 The justices received the stipulation on June 22, 2016.

 Majority op., ¶ 1 n.1.

 See Wis. Stat. § 805.04 (discussing voluntary dismissal). For comments, see, e.g., Patricia Graczyk, The New Wisconsin Rules of Civil Procedure Chapters 805-807, 59 Marq. L. Rev. 671, 677-78 (1976).

 See Prince Corp. v. Vandenberg, 2015 WI App 55, ¶ ¶ 48-50, 364 Wis. 2d 457, 868 N.W.2d 599.

 For background on and discussions of partition, see, for example, 7 Powell on Real Property § 50.07 (Michael Allan Wolf ed., 2009); 4 Thompson on Real Property ch. 38 (David A. Thomas ed., 3d ed. 2004); Clark D. Knapp, A Treatise on the Law of Partition of Real and Personal Property (1887); John Norton Pomeroy, A Treatise on Equity Jurisprudence §§ 1386-90 (Spencer W. Symons ed., 5th ed. 1941); Annotation, Partition: Division of Building, 28 A.L.R. 727 (current with weekly additions) (collecting cases).

 See Prince, 364 Wis. 2d 457, ¶ 51.

 The Department of Revenue asserts that it would be "extraordinary" for a circuit court to order partition and a private sale, and that the circuit court's refusal to order this "extraordinary" remedy is not an erroneous exercise of discretion. Even if partition were an extraordinary remedy (and it is not), that does not mean it is an inappropriate remedy in the circumstances of the instant case.
*422 The Department's proposal that the land contract vendors who are not debtors obtain releases of the liens (echoed by the court of appeals, see Prince, 364 Wis. 2d 457, ¶ 51) appears impractical, especially when the liens and encumbrances are apparently substantially more than the value of the property.

 The majority opinion (¶ 16) asserts that our review of the circuit court's partition decision is "highly deferential," citing Associated Bank N.A. v. Collier, 2014 WI 62, ¶ 22, 355 Wis. 2d 343, 852 N.W.2d 443 and Klawitter v. Klawitter, 2001 WI App 16, ¶ 8, 240 Wis. 2d 685, 623 N.W.2d 169. Associated Bank does not use the phrase "highly deferential," but Klawitter does. Although Klawitter states that our review of equitable determinations is "highly deferential," the case it cites for the standard of review, Tralmer Sales & Service, Inc. v. Erickson, 186 Wis. 2d 549, 572, 521 N.W.2d 182 (Ct. App. 1994), states (with emphasis added) that "[o]ur review of a trial court's discretionary decision is highly deferential," but provides no citation at all for the "highly deferential" language. I conclude that our standard for reviewing an equitable determination like partition is no more or less deferential than our usual review of other exercises of discretion.

 Prince, 364 Wis. 2d 457, ¶¶ 48-50. Van De Hey asked the circuit court to order partition. It did not think it would be prejudiced.
The majority opinion also concludes that partition would prejudice "one or more interested persons," including James Vandenberg's various creditors. See majority op., ¶¶ 50-52. The Wisconsin partition statutes focus on prejudice "to the owners ... ." See, e.g., Wis. Stat. §§ 842.10, 842.11, 842.17(1). Thus it is unclear under the plain language of the statute whether the prejudice with which the majority opinion and court of appeals were concerned is relevant to the availability of partition.

 See 4 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 1387 (Spencer W. Symons ed., 5th ed. 1941) (discussing whether and under what circumstances mortgagees and judgment creditors of tenants in commons should be made parties to partition proceedings); see also Wis. Stat. § 842.04 (stating that, in a partition action, " [i]f a judgment affecting the interest of any . . . lienholder ... is demanded, such person must be joined as a defendant").

 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 1387 (Spencer W. Symons ed., 5th ed. 1941) ("As early as the reign of Elizabeth, partition became a matter of equi *424 table cognizance; and now the jurisdiction is established as of right in England and in the United States.") (footnotes omitted).

 Watts v. Watts, 137 Wis. 2d 506, 535, 405 N.W.2d 303 (1987).

 See also Prince v. Bryant, 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979) ("[T]he trial court has the power to apply [an equitable] remedy as necessary to meet the needs of the particular case."); Harrigan v. Gilchrist, 121 Wis. 127, 236, 99 N.W. 900 (1904) ("Though no precedent may be at hand in a given situation, since principles of equity are so broad that the wrong involved [or the right to be enforced] need not go without a remedy, its doors will swing open for the asking, and a new precedent be made, an old principle again being illustrated.").

 See 8 Jay E. Grenig, Wisconsin Pleading and Practice, § 76:2 (5th ed. 2012).

 Wisconsin Stat. § 842.01(1) defines "interest in real property" as follows: "Interest in real property in addition to the interests described in s. 840.01, includes rights and interests in water power.... Interests of vendees under land contracts are excluded." Section 842.01(2) states that" '[l]ien' includes encumbrances" (emphasis added).

 Prince, 364 Wis. 2d 457, ¶¶ 47-49.

 Prince, 364 Wis. 2d 457, ¶ 50.

 Prince, 364 Wis. 2d 457, ¶ 50.

 Although the court of appeals focused on prejudice to the lienholders, the partition statutes focus on prejudice to the owners of the real property. See, e.g., Wis. Stat. §§ 842.10, 842.11, 842.17(1).

 4 Thompson on Real Property, § 32.07(e) (David A. Thomas ed., 3d ed. 2004).

 See, e.g., 4 Thompson on Real Property § 32.07(e) (David A. Thomas ed., 3d ed. 2004) ("Because each tenant in common *430 has an interest in the estate, a creditor of one cotenant can attach that cotenant's share. ... By the same token, the non-debtor cotenant retains all the usual rights in the estate: the creditor cannot complain, for example, if another cotenant transfers an interest or begins partition proceedings. The creditor, in short, can have no greater rights in the estate than the debtor.") (footnotes omitted) (internal alterations omitted); see also 7 Powell on Real Property § 50.07 [3] [a] (Michael Allan Wolf ed., 2004) ("Each tenant in common has the right to compel partition of the estate under judicial supervision... . [T]he right to partition is unconditional and cannot be defeated by a mere showing that a partition would be inconvenient, injurious, or even ruinous to an adverse party. The right to partition is an inherent element of the tenancy in common, designed to prevent a forced continuation of shared ownership of property. To deny it is to effectively expand the property rights of one cotenant at the expense of other cotenants.")

 See, e.g., 4 Thompson on Real Property § 32.07(e) (David A. Thomas ed., 3d ed. 2004) (" [A] judgment creditor's interest in the tenancy in common is limited to the share of the indebted cotenant....")

 The majority opinion appears to agree with the circuit court that" [partition ... would result in reducing the security by 3/4 for others who have encumbrances on the real estate if their encumbrances were to remain on only James's 1/4 interest . . .." See majority op., ¶ 50. This assertion is erroneous under both partition law and garnishment. The only portion of the property encumbered by the lienholders is James Vanden-berg's one-quarter interest. Whether partition is ordered or not will not change that fact. The partition sought by James *431 Vandenberg, the intervenors, and Van de Hey is a partition by sale, not a physical partition. Thus, the majority opinion's assertion that "partition would have the effect of reducing by 3/4 the size of the property to which the liens attached" is also erroneous. See majority op., ¶ 50 n.17.

 Despite the majority's denial of partition in the instant case, the tenants in common retain the right to sever the tenancy in common at any time in the future. It makes little sense to require the intervenors to return to court later to sever their interests when the same result can be achieved in the instant case.