ESTATE OF PHILIPS: LA CROSSE TRUST COMPANY, Executor, Appellant, v. STORANDT and another, Respondents.

*No. 27. Argued February 29, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 485.)

298

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *Robert C. Skemp.*

For the respondents Ruth Storandt and Ruth Ann Weis there was a brief by *Steele, Smyth, Klos & Flynn* and *Jerome J. Klos,* all of La Crosse, and oral argument by *Jerome J. Klos.*

For the respondent Netta A. Philips there was a brief and oral argument by *William J. Sauer* of La Crosse.

WILKIE, J. The sole issue on this appeal is whether the doctor's heirs receive one half of the entire estate of his deceased widow, or whether they take one half of only those assets transferred from his estate conveyed to her following his death in 1945.

At the time of her death, Mrs. Philips possessed no assets independently acquired by way of other inheritance, gift or otherwise; her entire estate of over $451,000 was the result of the investment, sale, and reinvestment of assets received from her husband's estate in 1946. This fact makes for an important distinction in the present situation from that presented if Dr. Philips had survived and, continuing in the practice of dentistry, had accumulated additional estate by reason of his income

from his dental practice. In that circumstance his income from his dental practice would be after-acquired property that did not have its origin in the assets which passed at the death of the first testator.

The central inquiry in determining the effect of this joint will must be directed to interpreting its provisions. The trust company argues that the intent is determined by the single paragraph which states:

"It is the intention that 'equal division' referred to shall mean one-half of the entire joint property of the said testators at the time of the first testator's death."

The trust company argues that this paragraph obviously means that respondents are entitled to only one half of the assets held by Dr. Philips in 1945 when he died. The trial court found, however, that it was the intent of the parties:

". . . that what joint property remained at the death of the last of them to die was to be divided into two approximately equal parts, one part to be distributed to beneficiaries as designated by William J. Philips, and the other part to be distributed to beneficiaries as designated by Margaret Pearl Philips."

In reaching this result the probate court considered not only the language of the will, but also the circumstances surrounding the execution of the joint will in 1937.

The parties, the trial court found, wanted to first provide for the surviving spouse and second divide the assets between their heirs when the survivor died. The language in the will indicating that " 'equal division' . . . shall mean one-half of the entire joint property of said testators at the time of the first testator's death," does not obviously mean that respondents here are entitled to only half of those assets coming directly from Dr. Philips. It is equally likely, as found by the trial court, that this means that when the survivor dies there shall be an

equal division of all the property which has its origin in the entire joint property of the testators at the time of the first testator's death.

The interpretation of a will is a finding of fact by the trial court which will not be set aside unless it is contrary to the great weight and clear preponderance of the evidence.[1] Appellant has not demonstrated that the conclusion reached here by the trial court is contrary to the great weight and clear preponderance of the evidence. It has not established that the joint will obviously expressed a different intent than that found by the court.

A joint will is a contract which becomes irrevocable at the time one party dies.[2] The intent of the parties at the time the will is entered into is crucial [3] and that intent is not affected by later attempts made by the surviving testator, as here, to express what was intended by attempting to segregate those assets which she had gained by investment from those assets which came directly from her husband.

The trial court suggested that this joint will could have impressed a constructive trust on the assets in Dr. Philips' estate, while appellant argues that a life estate was created in the surviving party. In order to reach either of these conclusions it is first necessary to decide whether it was the intent of the parties that all of the assets having their origin in the first testator's assets were to be divided when the survivor died or whether the division was to include only those assets in the first estate or the appreciated value of those assets at the time of the second party's death. Thus the question remains one basically of construction of the will. Here the

[1] *Will of Schaech* (1948), 252 Wis. 299, 304, 31 N. W. 2d 614, 33 N. W. 2d 319.

[2] *Estate of Chayka* (1970), 47 Wis. 2d 102, 106, 176 N. W. 2d 561.

[3] *Id.* at page 108.

probate court concluded that the parties intended in 1937 that all of the assets would ultimately be divided. Such a joint will is a binding contract when the first party dies. Thus when Mrs. Philips died the entire estate of $451,000 was to be divided between her heirs and those of her late husband.

*By the Court.*—Judgment affirmed.