Emmett O'Connell, Jr. and David O'Connell,
Plaintiffs-Respondents,†

v.

Gerald L. O'Connell and Maxine L. O'Connell,
Defendants-Appellants,

Mary Catherine Neimon, Third-Party Defendant,

Sean O'Connell, Defendant.

Court of Appeals

*No. 04–0895. Submitted on briefs December 6, 2004.—Decided
February 1, 2005.*

2005 WI App 51

(Also reported in 694 N.W.2d 429.)

† Petition to review denied 6-1-2005.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Janet L. Marvin* of Park Falls.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Jack A. Carlson* of Washburn.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. After a partition action,[1] Gerald and Maxine O'Connell appeal a judgment and an order denying them reimbursement for improvements they made to the property over the course of their co-tenancy first with Gerald's brother Emmett and his wife, and then with Gerald's nephews, Emmett, Jr. and David.[2] They also appeal the circuit court's award of costs and attorney fees to be paid from the proceeds of the property's sale. Gerald and Maxine argue that the circuit court erred when it concluded their claim for equitable reimbursement was cut off by a warranty

---

[1] This action originally involved a second parcel of land on Mollenhoff Lake; one-quarter of that land was owned by Gerald O'Connell, one-quarter by Mary Catherine Neimon, Gerald's sister, one-quarter by Sean O'Connell, Gerald's nephew, and one-eighth each by Gerald's other nephews, Emmett, Jr. and David O'Connell. The parties agreed to sell the Mollenhoff property after stipulating it was not suitable for division. The proceeds of that sale, $602,000, were distributed to the parties based on their percentage of ownership. Mary Catherine and Sean have no interest in the property from whose partition this appeal arises.

[2] The court awarded Gerald and Maxine reimbursement for improvements and expenses incurred after February 8, 1994.

deed, executed on February 8, 1994, which transferred Emmett, Sr.'s undivided half interest to his two sons. They also argue that the circuit court erroneously exercised its discretion regarding costs and fees because it failed to consider or make a record of the factors on which its decision was based.

¶ 2. The issue is thus whether the 1994 warranty deed extinguished Gerald's right to equitable reimbursement for improvements and repairs made prior to 1994. We conclude it does not because a potential claim in equity in a partition action is not an encumbrance under WIS. STAT. § 706.10(5)[3] and the warranty deed.

¶ 3. The question of whether Gerald should be reimbursed for disproportionately borne expenses is remanded to the trial court for equitable consideration under WIS. STAT. § 842.02. Because it is unclear, based on the judgment and the record, whether the award of fees and costs represented a reasonable exercise of discretion, we reverse and remand that issue to the trial court as well.

## Background

¶ 4. From 1951 to 1994, brothers Gerald and Emmett O'Connell, and their wives Maxine and Annette, owned land on Spider Lake as co-tenants in common. Each couple had an undivided half-interest in the property. During these years, Gerald claims that he made substantial improvements to the property at his expense. In 1994, Gerald, Maxine, Emmett, and Annette signed a warranty deed that conveyed one-half interest in that property to Gerald and Maxine and a

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

one-quarter interest each to Emmett O'Connell, Jr. and David O'Connell, Emmett and Annette's sons.

¶ 5. Five years after the conveyance, on December 1, 1999, Emmett, Jr. and David filed a complaint requesting an accounting from Gerald for profits derived from cutting trees on the property[4] and a temporary injunction. Gerald and Maxine counterclaimed, seeking partition and reimbursement for unfairly borne expenses.[5] The parties eventually agreed to partition, stipulating that the property was not suitable for division. The circuit court accepted that stipulation and the Spider Lake property was sold at a sheriff's sale to Emmett, Jr., David, and Robert Neimon for $351,000. Pursuant to an earlier court order, Gerald then filed an affidavit for reimbursement of disproportionately borne expenses, $48,530.93,[6] and reasonable attorney fees. After a hearing, the circuit court denied Gerald reimbursement for any expenses or improvements undertaken before the February 8, 1994, warranty deed. The final judgment ordered that Gerald be reimbursed only for expenditures made after 1994; in addition, it awarded both parties the attorney fees they requested, deducting them from the proceeds of the sale prior to any division of money. Gerald now appeals.[7]

---

[4] The complaint suggests that trees were being cut on both the Spider and Mollenhoff Lake properties.

[5] After the original action began, Mary Catherine intervened and Sean O'Connell was interpleaded.

[6] Gerald also requested 5% annual interest on his unreimbursed share of the improvements, which he calculated as $23,948.81.

[7] After all deductions, Gerald was paid $163,361.24.

## Discussion

¶ 6. Statutory interpretation and the application of statutes to specific facts are questions of law we review without deference. *See Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365. When we interpret statutes, we seek to give effect to the plain meaning of their words because we "assume that the legislature's intent is expressed in the statutory language." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶¶ 44–45, 271 Wis. 2d 633, 681 N.W.2d 110. If we are construing two statutes that seemingly conflict, we will attempt to harmonize them so that each is given full force and effect. *See City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 184, 532 N.W.2d 690 (1995).

¶ 7. When a circuit court awards attorney fees,[8] the amount of the award is left to the discretion of the court. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 22, 275 Wis. 2d 1, 683 N.W.2d 58. We will uphold that award so long as the court "employs a logical rationale based on the appropriate legal principles and facts of record." *Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 204, 496 N.W.2d 57 (1993).

¶ 8. WISCONSIN STAT. § 842.02 codifies the common law of partition, but partition remains an equitable action. *See, e.g., Kubina v. Nichols*, 241 Wis. 644, 648, 6 N.W.2d 657 (1942); *Klawitter v. Klawitter*, 2000 WI App 16, ¶ 7, 240 Wis. 2d 685, 623 N.W.2d 169. Under the partition statute, a party "having an interest in real

---

[8] As a general rule, attorney fees are not recoverable without some statutory provision or contract to the contrary. *Cedarburg Light & Water Comm'n v. Glens Falls Ins. Co.*, 42 Wis. 2d 120, 124–25, 166 N.W.2d 165 (1969).

property jointly or in common with others" may sue for judgment partitioning that interest unless such an action is prohibited by statute or by agreement between the parties. WIS. STAT. § 842.02(1). When physical partition is impossible, as the parties agreed it was in this case, the court may order the land sold and the proceeds of that sale divided. *See* WIS. STAT. § 842.02(2). If partition does not equalize the positions of the parties, the circuit court in equity may, under WIS. STAT. § 842.14(4), order compensation by one party to another.[9] *See Klawitter*, 240 Wis. 2d 685, ¶ 9.

¶ 9. As the circuit court recognized, the partition statute made it possible for Gerald to make a claim in equity for disproportionately borne expenses, in the form of improvements and other costs, against Emmett, Jr. and David. The court ruled, however, that Gerald could only bring that claim for expenses he incurred after February 8, 1994—the date on which the warranty deed conveying an interest in the property to Emmett, Jr. and David was executed.

¶ 10. The critical issue raised by this appeal is thus whether WIS. STAT. § 706.10(5) and the warranty deed in question extinguish the access to equity in a partition action authorized by WIS. STAT. § 842.02. Emmett, Jr. and David argue that the deed either functions as a "voluntary and intentional relinquishment of a known right," or that the warranty of a title free from all encumbrance effectively destroys any claim to reimbursement for expenses incurred before the deed was signed. *See Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 9, 571 N.W.2d 656 (1997). We are not persuaded.

---

[9] Other jurisdictions similarly characterize actions to recover the value of improvements as equitable rather than legal causes of action. *See, e.g., Staub v. Phillips*, 271 S.W. 365 (Mo. 1925).

¶ 11. Under Wis. Stat. § 706.10(5), a "conveyance by which the grantor contracts to warrant the land or its title shall be construed according to its terms"; unless otherwise provided, however, the grantor is warranting that the land or title is "free from all encumbrance." The deed signed by Gerald and the original group of co-tenants warrants that the title "is good, indefensible in fee simple and free and clear of all encumbrances except municipal and zoning ordinances, recorded easements for public utilities, recorded building and use restrictions, general and special taxes levied in the year of closing." The deed simply echoes the statute, warranting only a title "free of encumbrance." Neither the statute nor the deed can cut off Gerald's equitable claim, therefore, unless an inchoate, potential cause of action in equity constitutes an encumbrance.

¶ 12. Encumbrance is defined as a "claim or liability that is attached to property or some other right and that may lessen its value, such as a lien or mortgage; any property right that is not an ownership interest." Black's Law Dictionary 568 (8th ed. 2004). Wisconsin courts have long recognized a distinction between an interest that attaches to property and a right recognized in courts to assert an equitable claim. *See Larscheid v. Kittell*, 142 Wis. 172, 174, 125 N.W.2d 442 (1910). That right to assert an equitable claim in a partition action is nothing more than the opportunity to invoke the court's discretion. Because the right to assert a claim in equity is "only recognized under the broadest of equity powers and for the purpose of promoting equity in excess of legal rights, courts will not enforce it to the extent of doing inequity to others." *Id.* at 174–75.

¶ 13. Unlike a mortgage or ordinary lien, the right codified in Wis. Stat. § 842.02 does not therefore attach to the property nor does it automatically diminish its value. Wisconsin does, however, recognize another form of encumbrance on property, equitable liens. The necessary elements of an equitable lien are "a debt, duty or obligation owing by one person to another" and a "res to which that obligation fastens"; they arise "from written contracts showing an intention to charge some particular property with the payment of a debt." *McIntyre v. Cox*, 68 Wis. 2d 597, 602, 229 N.W.2d 613 (1975). An equitable lien creates a security interest in that land. *Id.*

¶ 14. There is thus no equitable lien in this case unless Gerald's right to bring an equitable action was a "debt, duty or obligation owing by one person to another" in February of 1994 when the warranty deed was executed. "[T]he covenant against encumbrances is a covenant as to things existing at the time it is made. If broken at all, it is broken at the time it is made." *Olson v. Capital City Lumber Co.*, 190 Wis. 182, 185–86, 208 N.W. 891 (1926) (citation omitted). We conclude it was not.

¶ 15. As the circuit court recognized, Gerald could have brought an equitable claim for reimbursement for the improvements he made to the Spider Lake property if partition had occurred prior to the 1994 warranty deed. That right would have existed even if Gerald had made those improvements without the other co-tenants' consent or promise of contribution. *See Rainer v. Holmes*, 272 Wis. 349, 354–55, 75 N.W.2d 290 (1956). Wisconsin does not require that other tenants approve

of the improvements or expenditures. "In the absence of any evidence to the contrary, it may be presumed that an act by one co-tenant favorable to all was done either with the knowledge and assent of his [or her] associates or else they thereafter ratified it." *Id.* at 355 (citation omitted). Any improvements Gerald undertook before 1994 were presumably "ratified" by the other co-tenants. To the extent that co-tenancy involves enjoyment of the whole by all tenants, those improvements presumably benefited all parties equally and were equally enjoyed by all parties.

¶ 16. Gerald could not, therefore, have asked to be reimbursed for disproportionately borne expenses until unity of possession was dissolved and the property, or any proceeds from the sale of the property, was being divided in proportion to the economic interests held by the parties. Even if a right to bring a claim in equity did constitute a debt or obligation, that right did not come into existence until after the warranty deed was executed.[10] In 1994, there was thus no equitable lien or other encumbrance on the Spider Lake property.

¶ 17. When Emmett, Jr. and David became co-tenants of the Spider Lake property, they too enjoyed the benefit of any improvements Gerald had made.

---

[10] *McIntyre* is instructive in this context. *McIntyre v. Cox*, 68 Wis. 2d 597, 602, 229 N.W.2d 613 (1975). There, a son conveyed his interest in property to his mother after the mother signed an agreement that if she sold the property without his consent, the son would receive two-thirds of the proceeds. *Id.* The court held that no equitable lien was created at that time both because the son had an interest in the proceeds, not in the land, and because no debt existed until the property was sold. *Id.* at 602. The son might have a cause of action against the mother for breach of contract, but he had no claim against the purchaser of the land. *Id.* at 603.

When that property was sold, the value of those improvements was added to the sale price and they equally enjoyed that benefit as well. Wisconsin's law of partition expressly authorizes circuit courts in equity to order compensation by one party to another when a partition does not equalize the positions of the parties. *See* WIS. STAT. § 842.14(4); *see also Klawitter,* 240 Wis. 2d 685, ¶ 9. Gerald argues for compensation on exactly that ground. He claims the half-share in the proceeds of the sale his half ownership would ordinarily entitle him to is inadequate because expenses borne only by him increased the property's value.

¶ 18. The circuit court notes there was no evidence that Emmett, Jr. or David were aware of any disproportionately borne expenses and suggests that Gerald should have pursued the issue before rather than "raising it now." While we agree this view is intuitively appealing, whether a co-tenant knows about expenditures for the common good is not a bar to bringing a claim in equity. And although it is undoubtedly true that Gerald could have discussed the issue with his brother sometime between 1951 and 1994, he could not have raised the issue in the legal sense before an action for partition.[11] There is no question of inequity in a partition action until after a judgment of division or an order to sell the property and divide the proceeds. We conclude that, under WIS. STAT. § 842.02, Gerald has the right to seek equitable reimbursement for disproportionately borne expenses.

¶ 19. Emmett, Jr. and David contend, however, that even if the warranty deed does not cut off Gerald's

_____

[11] For the same reason, the warranty deed cannot function, as Emmett, Jr. and David suggest, as a voluntary and intentional waiver.

claim, the doctrine of laches does. That argument fails on the same grounds. Gerald made his claim for reimbursement when he cross-complained for partition. That is not "unreasonable delay." *See Riegleman v. Krieg*, 2004 WI App 85, ¶ 22, 271 Wis. 2d 798, 679 N.W.2d 857. And it cannot be turned into "unreasonable delay" by suggesting that Gerald ought to have sought partition earlier. The O'Connell brothers and their wives owned the Spider Lake property together for decades. The 1994 warranty deed indicates the arrangement was expected to continue through the next generation. The fact that Gerald shared that expectation until 1999 cannot be used to bar his right to bring a claim he made in 1999.

¶ 20. Gerald and Maxine also argue that the circuit court erroneously exercised its discretion in awarding attorney fees and costs without considering or making a record of the factors on which its decision was based. Because it is unclear, from the record and the judgment, on what facts and principles the court based its finding that the fees for both parties were "reasonable and necessary," we must agree.

¶ 21. The court awarded Gerald and Maxine $15,197.69 in attorney fees and $21,756.80 in fees to Emmett, Jr. and David, exactly the amounts requested by the parties. The record on which this award was made is incomplete. The parties submitted cancelled checks as proof of payment. Some incomplete invoices, describing services and billing fees, were also provided.[12] In addition, the parties testified they thought

---

[12] Without complete billing invoices, the court cannot determine how much time the attorneys spent on particular tasks, which means, in turn, it cannot assess whether the number of

their attorney fees were reasonable and the work done was necessary. Gerald further testified that, as an attorney, he thought the attorney fees requested by Emmett, Jr. and David seemed excessive. No explanation was offered for the significant difference in the attorney fees requested by the parties. The court did not find that the hourly fees charged were reasonable based on fees charged in the locality for similar work. Nor did it address the time, labor, and skill required to perform the legal work or the reputation of the lawyers.[13] The court's failure to make such explicit findings of fact does not necessarily constitute erroneous exercise of discretion. Taken together, however, the court's silence and the incomplete record make it impossible to determine on what facts the court based its conclusions. From the record, it is not even clear whether the fees claimed were associated with both the Mollenhoff and Spider Lake partition actions or the latter action alone.[14] We cannot conclude, therefore, that the award represents a reasonable exercise of discretion.

*By the Court.*—Judgment and order reversed and cause remanded.

hours spent pursuing those tasks was reasonable. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 32, 275 Wis. 2d 1, 683 N.W.2d 58.

[13] The circuit court did not explicitly address any of the factors the supreme court has suggested be employed to inject the exercise of discretion with "objectivity and uniformity." *See, e.g., Kolupar,* 275 Wis. 2d 1, ¶ 30.

[14] During a hearing on January 9, 2004, David O'Connell told the court only that all attorney fees were incurred as "a result of this lawsuit, the ongoing lawsuit." Nothing in the record or transcript clarifies that ambiguous explanation.