David FOHR, Plaintiff-Appellant,

v.

Gerald FOHR and Sally Kania,
Defendants-Respondents.

Court of Appeals

*No. 2006AP1559. Submitted on briefs March 12, 2007.
—Decided May 1, 2007.*

2007 WI App 149

(Also reported in 735 N.W.2d 570.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeff Scott Olson* of *The Jeff Scott Olson Law Firm, S.C.* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Keith K. Kost* of *Eckert, Kost & Vocke LLP* of Rhinelander.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. David Fohr appeals a summary judgment granted to his siblings, Gerald Fohr and Sally Kania, holding that David is not entitled to partition or a sheriff's sale of a parcel of land the trio jointly holds. The court concluded that ordering partition would be contrary to the terms of the will under which the three and their deceased sister, Sue Tesch, inherited the property. David asserts enforcing the will is impermissibly restrictive. We reject David's arguments and affirm.

## Background

¶ 2. Lester Fohr executed his will on September 4, 1984. The will contained the following provision:

> All the rest, residue and remainder of my estate which I may die seized or possessed be the same real, personal or mixed or wheresoever located, I give, bequeath and devise unto my children, Sally Kania, Gerald, David and Sue Tesch, in equal shares, to share and share alike. In the event that either Sally, Gerald, David or Sue desire to sell their share in the property up north, it must be sold to one of the four and for the amount of the appraisal in 1973, namely $8,000.00 total.

¶ 3. Lester died on August 31, 1988. His will was appropriately probated. A final judgment and an abridgement thereof were entered June 9, 1989, distributing Lester's property, including the subject real es-

512

tate. However, a scrivener's error omitted any mention of the testamentary restriction on the sale of the property.

¶ 4. In January 2001, David purchased Sue's share for $8,500. In 2003, David had the property appraised and found it was valued at $175,000, or $43,750 per share. David attempted to convince Gerald and Sally to sell their shares. Sally refused outright and Gerald refused when David presented a partition plan reserving a cabin and most of the property's dry land for himself. Gerald offered to buy David's shares for the purchase price in the will, but David refused. In October 2004, David brought this action for partition.

¶ 5. After David filed for partition, Gerald and Sally sought to have the probate of their father's estate reopened to correct the scrivener's error. On December 5, 2005, the court amended the final judgment and the abridgement in the probate case to include the limitation on the property's sale.

¶ 6. After the amendment in the probate case, David moved for summary judgment in the present case. The court denied the motion and instead granted summary judgment to Gerald and Sally.[1] The court concluded that David was not entitled to partition because it ran contrary to the provision in the will under which David claimed ownership of the real estate. The court also concluded that partition would be inequitable because David had essentially utilized the

---

[1] *See* WIS. STAT. § 802.08(6): "If it shall appear to the court that the party against whom a motion for summary judgment is asserted is entitled to a summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor." All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

terms of the will to purchase Sue's share for a below-market price but then sought to invalidate the same document. David appeals.

## Discussion

¶ 7. We review summary judgments de novo, using the same methodology as the circuit court. *Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997). Summary judgment is appropriate when there are no genuine issues of material fact and a moving party is entitled to judgment as a matter of law. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987); *and cf.* WIS. STAT. § 802.08(6). Interpretation of a will is generally a factual question, *La Crosse Trust Co. v. Storandt*, 54 Wis. 2d 296, 301, 195 N.W.2d 485 (1972), unless the facts surrounding the execution of the will are undisputed. *Caflisch v. Staum*, 2000 WI App 113, ¶ 6, 235 Wis. 2d 210, 612 N.W.2d 385.

¶ 8. Partition is the act of dividing real property, jointly held, into individual interests. BLACK'S LAW DICTIONARY 1151 (8th ed. 1999). WISCONSIN STAT. § 842.02(1) permits "[a] person having an interest in real property jointly or in common with others [to] sue for judgment partitioning such interest unless an action for partition is prohibited elsewhere in the statutes or by agreement between the parties for a period not to exceed 30 years."

¶ 9. David first contends Lester's will restricts only alienation, not partition. Alienation is the conveyance of property to another. BLACK'S, *supra*, at 80. We conclude, as the circuit court implicitly did, that the will restricts partition. A limitation on partition can be implied or express. 68 C.J.S. *Partition* § 25 (1998).

Gerald and Sally assert Lester wanted his children to continue to enjoy the family vacation retreat, and his direction that they "share and share alike" supports the conclusion Lester expected the property to remain intact after his death.

¶ 10. David next asserts that if there is a restriction on partition, it would be an unlawful restraint on alienation. He contends the contents of a will should not be allowed to supersede statutory property rights unless the will's provisions are "reasonably related to a proper purpose and limited in their effect to a proper time period."

¶ 11. "The right of alienation is an inherent and inseparable quality of an estate in fee simple . . . [and] an attempted total restraint on alienation is repugnant to or inconsistent with the fee . . . ."[2] 61 AM.JUR.2D *Perpetuities* § 102 (2002). In Wisconsin, "[t]he power of alienation is suspended when there are no persons in being who, alone or in combination with others, can convey an absolute fee in possession of land . . . ." WIS. STAT. § 700.16(2).

¶ 12. David asserts his right to alienation of his portion of the property has been restrained by Lester's will, comparing this case to *Vinson v. Johnson*, 931 So.2d 245 (Fla. App. 2006). In that case, the court held a prohibition on partition and sale contained in a will was an unlawful restraint on alienation. *Id.* at 249. David urges the same conclusion here. The will in

---

[2] To the extent that David claims Lester's intent was to convey fee simple, making the restrictions on alienation and partition inconsistent with that fee, it is not evident that Lester intended to convey the fee simple. Rather, the circuit court discerned Lester's intent to be that the four children share the entire property during their lifetimes. This finding is not clearly erroneous.

*Vinson*, however, prevented partition and permitted sale of the property only if all nine heirs agreed. Some of the heirs, however, lived on the property while others were merely burdened with property taxes. As such, the court concluded any inherent right to enjoy the property was merely illusory for some of the heirs, determined the will's provision was unlawful, and ordered partition. *Id.*

■

¶ 13. Here, none of the parties uses the property as a primary residence. It is a vacation property and has evidently always been used as such. Each sibling is allowed to use the property when and how he or she desires. Also, unlike the *Vinson* heirs, David has a way to dispose of his shares if he feels overburdened by them. Indeed, Gerald had offered to buy David's shares but was rebuffed. Thus, we conclude *Vinson* is inapposite.

¶ 14. David also complains, relying on *Vinson* and without elaboration, that "the lifetime of all the children is not a reasonable time period" and argues that a limitation on partition may not exceed thirty years. *See* WIS. STAT. § 842.02(1). Gerald and Sally appear to claim that the rule against perpetuities applies instead. That rule states: "A future interest or trust is void if it suspends the power of alienation for longer than the permissible period. The permissible period is a life or lives in being plus a period of 30 years." WIS. STAT. § 700.16(1)(a).

¶ 15. We question whether the thirty-year period David cites is correctly applied. WISCONSIN STAT. § 842.02(1) prohibits a partition action if there is an "agreement between the parties [prohibiting partition] for a period not to exceed 30 years." The agreement here—the will—is not between the parties. If Gerald

and Sally are correct, then the will contains a permissible restraint on alienation because the restraint is only for four lives in being when it could be for those lives plus thirty years.

¶ 16. Moreover, the restriction was for a reasonable purpose and a reasonable time. Lester wanted his children to use the family's property for recreation as they always had. He reasonably limited it to only his children's lifetime, with no provision for extending the restraints on partition and alienation to his grandchildren or subsequent generations. There is no illusion of benefit as in *Vinson*.

¶ 17. Regardless of which time limit applies, however, partition remains an equitable remedy. *See O'Connell v. O'Connell*, 2005 WI App 51, ¶ 8, 279 Wis. 2d 406, 694 N.W.2d 429. Equity dictates that a party claiming ownership under a will should be bound by reasonable restrictions in that will, including reasonable restraints on alienation. Thus, we adopt the following excerpt from 85 A.L.R. 1321, 1324 (1933): "[T]he general rule is that effect will be given to the intention of the testator as expressed in the will, and that no partition suit will lie before the date so fixed or the happening of the event named." *See also* 59A AM.JUR.2D *Partition* § 54 (2003) ("Testamentary provisions that prohibit or postpone partition for a reasonable time, or until the occurrence of a designated event, are upheld because they do not involve a restraint on alienation, or limitation repugnant to the fee."). If an heir disagrees with a restriction in a will, he or she is free to decline the bequest.

¶ 18. Even if we concluded that David should be allowed to seek partition and alienate the property, the mere fact one can sue for partition does not mean the

court will grant it. The court in this case was disinclined to grant David that remedy.[3] The court noted that David expressed no reservations about the restraints when they allowed him to acquire Sue's property for $8,500. The court concluded it would be inequitable to allow David to renounce the will's terms now.[4]

*By the Court.*—Judgment affirmed.

───────────

[3] To the extent David argues he is entitled to a sheriff's sale, that is only permitted if the court deems partition appropriate but physically impossible. *See* WIS. STAT. § 842.17(1).

[4] David also argued that at least the portion he acquired from Sue is not constrained by the will because he acquired it before the probate court amended the judgment to include Lester's limitations. Even if Sue's portion passed to David outside the will, the court could still decline to grant partition on equitable grounds, and it is clear the court would have so declined here.