COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP780**

Cir. Ct. No. 2020CV67

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

MATTHEW MUELLER AND SAMANTHA MUELLER,

PLAINTIFFS-APPELLANTS,

V.

LAWRENCE LARSON, MARLENE LARSON, JAMES MUELLER,
ELAINE MUELLER, THE CECIL AND DELORES HARTUNG FAMILY TRUST,
MARJORIE BRANSON, THOMAS MUELLER AND CINDY MUELLER,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment and an order of the circuit court for Door County: D. T. EHLERS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1     GILL, J. Matthew and Samantha Mueller ("Matthew and Samantha")[1] appeal an order from the circuit court dismissing their action for partition—or, in the alternative, for a judicial sale—on summary judgment. Matthew and Samantha contend that the court erred by dismissing their claims because they have a right to partition under WIS. STAT. § 842.02 (2019-20).[2] Further, they argue that the thirty-year limitation on partition in § 842.02 should apply to gifts. Lastly, Matthew and Samantha contend that public policy forbids any limitations on partition in this case and that the limitations imposed are unlawful restrictions on alienation.

¶2     We hold that although Matthew and Samantha are permitted to seek partition under WIS. STAT. § 842.02, the circuit court was not required to grant their request, and the court did not erroneously exercise its discretion by refusing to grant the petition or order the property sold. Further, we hold that § 842.02's thirty-year partition limitation only applies to agreements—not gifts. We disagree with Matthew and Samantha's argument that public policy has any bearing on partition actions because their claimed public policy applies to the use of property, not its alienation. And, the limitations on partition in this case are not unlawful restraints on alienation because despite those limitations, Matthew and Samantha retain the ability to dispose of their interest in full.

---

[1] We refer to Matthew and Samantha by their proper names because they share the same surname with a number of the defendants (collectively the "Families") and individuals involved in this case, who are referred to throughout the opinion. Similarly, unless otherwise noted, we will refer to other individuals with the last name "Mueller" by their proper name so as to avoid any confusion.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

## BACKGROUND

¶3    In 1978 and 1979, Emanuel and Eleanor Mueller executed two warranty deeds that granted the property in question (the "Property"), consisting of six cabins adjoining Clark Lake, to their six children and to their children's respective spouses as gifts. The ownership of the Property was divided equally among: Marlene Mueller Larson and Lawrence Larson; James Mueller and Elaine Foley Mueller; Delores Mueller Hartung and Cecil Hartung; Marjorie Mueller Branson and William Branson; Thomas Mueller and Cynthia Benzow Mueller; and Arthur Mueller and Pamela Brauer Mueller. Under the terms of the 1978 and 1979 deeds, spouses share their interest as joint tenants, while each couple holds their one-sixth interest in the Property as tenants in common with the other couples. The Property was deeded to each couple subject to certain limitations, although the limitations were not attached to, or recorded with, the original 1978 or 1979 deeds.[3]

¶4    In 1985, Arthur and Pamela executed a quit claim deed as part of their divorce, deeding their one-sixth interest in the Property to their children, Matthew and Samantha, as a nontestamentary gift. Matthew and Samantha share the one-sixth interest as joint tenants. The 1985 deed further provides that:

> [T]he intent of this deed is to convey to [Matthew and Samantha] as children of [Arthur and Pamela] the same interest that [Arthur and Pamela] had in the [Property] prior

---

[3] It is unclear whether Emanuel and Eleanor gave all of their children and their respective spouses a copy of the 1978 and 1979 limitations along with the 1978 and 1979 deeds. For example, during depositions, some of the children and their spouses testified that Emanuel and Eleanor gave them the written 1978 and 1979 limitations separately. Conversely, one of the children's spouses indicated, without expressly stating, that they were not given a paper copy of the 1978 and 1979 limitations, but they were aware of them. In any event, it is undisputed that the 1978 and 1979 limitations were not recorded with the 1978 and 1979 deeds.

to the entry of the divorce decree and subject to the same restrictions applicable to [Arthur and Pamela] as may be applicable to [Matthew and Samantha] as grandchildren, and incidental to the property, such restrictions are [the same as the 1978 and 1979 limitations].

The 1978 and 1979 limitations were recorded with the 1985 deed (the "1985 limitations").

¶5  The 1985 limitations, which are identical to the 1978 and 1979 limitations, read:

1. This cottage property cannot be used for collateral for any individual gain.  (Any mortgaging must be done with the consent of the original property owners)[.]

2. If anyone wants out of the group, they relinquish and forfeit all right and lein [sic].  Their desire to come back into the group is contingent upon the unanimous vote of the parties of the deed.  They must then pay all legal fees.

3. *Heirs to the Mueller Cottages shall cease with the grandchildren of Emanuel and Eleanor Mueller. During that heirship, the property cannot be sold.*

4. Some plan of year round maintenance should be established.

5. The parties of the deed shall be: Marlene Mueller Larson & Lawrence Larson … James Mueller and Elaine Foley Mueller … Delores Mueller Hartung & Cecil Hartung … Marjorie Mueller Branson & William Branson … Thomas Mueller & Cindy Benzo Mueller … Arthur Mueller & Pamela Brauer Mueller ….

6. Each family is entitled to 2 votes.  In case of death or divorce from a son or daughter of Emanuel & Eleanor Mueller, the vote remains with the heirs. Ex.[:] Consider the names Marlene and Lawrence.  If Marlene dies, Lawrence gets one vote and children get one vote.  If he remarries, spouse doesn't enter partnership.  If Lawrence dies, Marlene and new husband each get one vote.

(Emphasis added.)

4

¶6     Matthew and Samantha assert that, over the years, the other owners of the Property have restricted their rights to use the Property. Specifically, they claim that the Families created two types of ownership: contributing and noncontributing owners, of which Matthew and Samantha are the latter. According to Matthew and Samantha, a noncontributing owner who wants to use the Property must obtain express permission from the contributing family member assigned to the cabin they wish to use and pay a weekly fee of either $150 or $300. The Families contend that Matthew and Samantha do not contribute to any expenses or upkeep of the Property, other than paying a "small amount" for insurance, while the contributing owners each contribute $3,000 a year, plus labor, on the Property.

¶7     Matthew and Samantha filed this action in 2020 seeking either a partition or judicial sale of their interest in the Property. The Families later filed a motion for summary judgment, arguing that partition and judicial sale are prohibited under the 1985 deed and requesting that the circuit court order Matthew and Samantha to transfer their interest to the Families. Subsequently, Matthew and Samantha filed a motion in support of judicial sale.

¶8     In a written order, the circuit court granted in part and denied in part the Families' motion for summary judgment. The court granted summary judgment dismissing Matthew and Samantha's claims for partition or, alternatively, judicial sale, ruling that the 1985 limitations—which prohibit Matthew and Samantha from selling their interest in the Property during the heirship—are permissible restraints on alienation. The court also relied on *Fohr v. Fohr*, 2007 WI App 149, ¶17, 302 Wis. 2d 510, 735 N.W.2d 570, to reach its decision. The court quoted *Fohr*, stating that "[t]he general rule is that effect will be given to the intention of the testator as expressed in the will, and that no

partition suit will lie before the date so fixed or the happening of the event named." *Id.* (citation omitted). While *Fohr* involved a will and not a deed as in this case, the property interests in both cases were essentially given as gifts. Thus, the court concluded that partition under WIS. STAT. § 842.02, an equitable remedy, was not appropriate given the 1985 limitations stating that the "Heirs to the Mueller Cottages shall cease with the grandchildren of Emanuel and Eleanor Mueller. During that heirship, the property cannot be sold." The court, however, denied the Families' motion to order Matthew and Samantha to transfer their interest in the Property to the Families. Matthew and Samantha now appeal.

## DISCUSSION

### I. Applicable standard of review

¶9      We review summary judgment decisions de novo, applying the same standards and methodology as the circuit court. *Nettesheim v. S.G. New Age Prods., Inc.*, 2005 WI App 169, ¶8, 285 Wis. 2d 663, 702 N.W.2d 449.[4] Partition, however, is an equitable remedy, and we review a circuit court's partition decision under the "'highly deferential' erroneous exercise of discretion standard, which we apply to equitable remedies." *Prince Corp. v. Vandenberg*, 2016 WI 49, ¶16, 369 Wis. 2d 387, 882 N.W.2d 371 (citation omitted). In other words, we determine as a matter of law if a right to partition exists under WIS. STAT. § 842.02, but we

---

[4] This appeal does not call upon us to interpret the language in a deed. If it did, "[i]nterpreting the language of a deed … is a question of law we [would] review independently …." *See Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶12, 328 Wis. 2d 436, 787 N.W.2d 6. Matthew and Samantha do not make a specific argument targeting any of the 1985 limitations as being ambiguous, at least not outside of the public policy context. We therefore need not conduct an analysis similar to the one we did in *Gilbert v. Geiger*, 2008 WI App 29, ¶¶9-10, 307 Wis. 2d 463, 747 N.W.2d 188 (analyzing a deed to determine the parties' intent). We address Matthew and Samantha's public policy argument in Section IV.

review for an erroneous exercise of discretion a court's decision whether to allow a party to exercise that right. *See **Prince Corp.***, 369 Wis. 2d 387, ¶16.

¶10　Matthew and Samantha argue that we should instead review the circuit court's decision de novo because the court dismissed their partition claim on summary judgment. According to their argument, the court did not yet decide their partition claim using equity; instead, the court found as a matter of law that they were not entitled to partition. Matthew and Samantha contend that if we conclude they are "valid partition plaintiffs, the matter should be remanded back to the [circuit] court for further handling."

¶11　Matthew and Samantha are mistaken. While there is no question in this case that they are entitled to file for partition as a matter of law, partition is an equitable remedy, and the law does not require the circuit court to grant partition. The only question before us is whether the court, in equity, erroneously exercised its discretion in denying Matthew and Samantha's partition request. The undisputed material facts show that it did not so err.

## II. The partition action

¶12　Partition is the act of dividing real property, jointly or commonly held, into individual interests. *Partition*, BLACK'S LAW DICTIONARY (8th ed. 2004). "The right of a cotenant to partition and convey his or her interest in real property is favored in the law; it is often said to be a matter of right." ***Schneider v. Schneider***, 132 Wis. 2d 171, 176, 389 N.W.2d 835 (Ct. App. 1986). "WISCONSIN STAT. § 842.02 codifies the common law of partition, but partition remains an equitable action." ***O'Connell v. O'Connell***, 2005 WI App 51, ¶8, 279 Wis. 2d 406, 694 N.W.2d 429. Under § 842.02(1), a party "having an interest in real

property jointly or in common with others may sue for judgment partitioning such interest ...."[5]

¶13    WISCONSIN STAT. § 842.02(1) contains two exceptions that bar a party from suing for partition.  The two exceptions read that a party is forbidden from suing for partition:  (1) if partition is prohibited elsewhere in the statutes; or (2) if partition is prohibited by "agreement" between the parties for a period not to exceed thirty years.  Sec. 842.02(1).  The second exception acts in two ways.  First, it prohibits a party from suing for partition if an "agreement" prohibits partition.  Second, the statute prohibits an "agreement" from prohibiting partition for a period longer than thirty years.

## A. Proper plaintiffs for partition

¶14    Matthew and Samantha correctly contend that they are "proper partition plaintiffs" under WIS. STAT. § 842.02(1), and the Families do not disagree.  First, partition in this case is not prohibited elsewhere in the statutes.  Second, there is no "agreement" barring partition in this case, as Matthew and Samantha received their property as a gift and not pursuant to an agreement.  Therefore, the two exceptions that could bar Matthew and Samantha's partition claim under § 842.02(1) do not apply here.  Moreover, because there is no "agreement" in this case, the statute does not forbid the 1985 limitations from extending partition prohibitions beyond thirty years.

---

[5] If partition is impossible, a party may ask for judicial sale of the land or interest and for a division of the proceeds.  WIS. STAT. § 842.02(2).

## B. Partition is an equitable remedy, and *Fohr* is applicable

¶15 Matthew and Samantha argue that they are entitled to partition as a matter of *right* under WIS. STAT. § 842.02(1).[6] As we have previously explained, partition is an equitable remedy. *See O'Connell*, 279 Wis. 2d 406, ¶8; *see also Klawitter v. Klawitter*, 2001 WI App 16, ¶7, 240 Wis. 2d 685, 623 N.W.2d 169 (2000); *Fohr*, 302 Wis. 2d 510, ¶18 ("[T]he mere fact one can sue for partition does not mean the court will grant it."); *Schmit v. Klumpyan*, 2003 WI App 107, ¶22, 264 Wis. 2d 414, 663 N.W.2d 331. Matthew and Samantha do not point to any provision in WIS. STAT. ch. 842 that requires a circuit court to order partition. The pertinent part of the chapter reads, "A person having an interest in real property jointly or in common with others may sue for judgment partitioning such interest …." Sec. 842.02(1). Importantly, WIS. STAT. § 842.14(1) states that "[i]f the court has determined that partition is proper[,] … the court *may* order or render judgment of partition …." (Emphasis added.) The statute does not require courts to order partition or fashion some other remedy. Therefore, Matthew and Samantha do not have a right to partition; instead, they have a right to sue for partition. It is still within the circuit court's discretion whether to grant them partition, judicial sale, or deny the claims entirely.

---

[6] For the first time in their reply brief, Matthew and Samantha argue that the circuit court erred by dismissing their partition and judicial sale claims instead of ordering another remedy. *See Prince Corp. v. Vandenberg*, 2016 WI 49, ¶52, 369 Wis. 2d 387, 882 N.W.2d 371 (circuit court in a partition action is not limited to the remedies set out in the statutes as long as the remedy chosen is equitable). However, this argument fails as Matthew and Samantha only sought partition and judicial sale at the circuit court level. They cannot now argue, for the first time on appeal, for an alternate remedy. *See Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 403-04, 497 N.W.2d 756 (Ct. App. 1993) (plaintiff's failure to give sufficient detail in complaint regarding what plaintiff is complaining fails to give adequate notice and the issue does not go before the court); *see also Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656 ("A litigant must raise an issue with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling.").

¶16    Matthew and Samantha also argue that the circuit court erroneously exercised its discretion in relying upon *Fohr* to dismiss their claims.[7]   In *Fohr*, a will left real property to four children in equal shares.  *Fohr*, 302 Wis. 2d 510, ¶¶2-3.  The will contained a limitation that restricted the children from selling their shares unless the sale was to another sibling at the set price of $8,000.  *Id.*, ¶2.  Years after their father's death, the plaintiff purchased one of his sibling's shares for $8,500.  *Id.*, ¶4.  Two years later, the plaintiff had the property appraised, and it was valued at over $43,000 per share.  *Id.*  After the plaintiff's siblings refused to sell their shares to him at the $8,000 price, the plaintiff brought a partition action. *Id.*

¶17    The circuit court granted summary judgment to the plaintiff's siblings, concluding that allowing partition or judicial sale would be contrary to the terms of the will.  *Id.*, ¶¶1, 6.  We affirmed the circuit court's decision, stating: "Equity dictates that a party claiming ownership under a will should be bound by reasonable restrictions in that will, including reasonable restraints on alienation." *Id.*, ¶17.  We further emphasized that partition is an equitable remedy, stating that "[t]he general rule is that effect will be given to the intention of the testator as expressed in the will, and that no partition suit will lie before the date so fixed or the happening of the event named." *Id.* (citation omitted).

¶18    Matthew and Samantha attempt to distinguish *Fohr* by asserting that the plaintiff in that case was playing "fast and loose" with the limitations in the will, and the court therefore properly denied Fohr's partition request.  They assert

---

[7] As the Families point out, Matthew and Samantha incorrectly claim that *Fohr v. Fohr*, 2007 WI App 149, 302 Wis. 2d 510, 735 N.W.2d 570, is an unpublished decision.

10

that contrary to the plaintiff's claim in *Fohr*, their partition request is made in good faith. They also argue that *Fohr* incorrectly created an exception to WIS. STAT. § 842.02 on which "the legislature did not get a chance to weigh," and we should therefore not extend its reasoning to deed limitations.

¶19 Despite Matthew and Samantha's contention to the contrary, we conclude that *Fohr* is on point and binding in the context of this case. Matthew and Samantha provide no viable basis for us to determine that the 1985 limitations in this case should not be accorded as much weight as the will limitations in *Fohr*. As the Families note, the 1985 limitations, although in a deed, operate in a similar fashion to the limitations contained in the will in *Fohr* because, in both cases, the properties were received essentially by gift. In addition, the will in *Fohr* limited how the children could dispose of their shares. Likewise, here, the 1985 limitations limit how Matthew and Samantha can dispose of their interest. In particular, limitation number three states that during the heirship, Matthew and Samantha cannot sell the Property. And, as in *Fohr*, the 1985 limitations also provide a method for the owners to dispose of their interest—in this case, Matthew and Samantha can forfeit their gifted interest in the Property under limitation number two.

¶20 Matthew and Samantha contend that the reasoning in *Fohr* is unsound because the court created an exception to WIS. STAT. § 842.02 that the legislature did not include in the text of the statute. The "exception" created by *Fohr*, according to Matthew and Samantha, is "that any sort of will or deed

11

restriction or restrictive covenant can bar partition" even if it lasts longer than thirty years. They are incorrect in arguing that ***Fohr*** created an exception.[8]

¶21    Under WIS. STAT. § 842.02, the legislature decided to limit a property owner's ability to sue for partition when an agreement prohibited that action, provided that the agreement did not limit partition for more than thirty years. A gift is not an "agreement," and therefore the thirty-year limitation in § 842.02 does not apply to gifts. This conclusion does not create an exception to the statute. Instead, it is a conclusion reached by the text of the statute. As such, Matthew and Samantha incorrectly assert that ***Fohr*** created an exception to § 842.02 and we therefore extend ***Fohr***'s reasoning to deed limitations for gifted property. Applying the principles from § 842.02 and ***Fohr***, we conclude that the circuit court properly afforded the deed limitations in this case the same weight as the will limitations in ***Fohr***.

### C. Circuit court's decision

¶22    Given our conclusions, as a matter of law, that Matthew and Samantha are proper partition plaintiffs under WIS. STAT. § 842.02(1) and that ***Fohr*** is directly on point, we must then determine whether the circuit court erroneously exercised its discretion in dismissing Matthew and Samantha's partition and judicial sale claims.

¶23    Again, "[o]ur review of the circuit court's partition decision is limited to whether the circuit court erroneously exercised its discretion by refusing

---

[8] We note that the will restriction in ***Fohr*** was not yet thirty years old, but we did state that "[t]he agreement here—the will—is not [an agreement] between the parties" as required by WIS. STAT. § 842.02(1). *See **Fohr***, 302 Wis. 2d 510, ¶¶3-4, 15.

to partition the real estate." ***Prince Corp.***, 369 Wis. 2d 387, ¶47. Under this standard, "we must uphold the circuit court's discretionary determination as long as the circuit court 'examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.'" ***Id.*** (citation omitted).

¶24 Here, after laying out the standards for summary judgment, the circuit court found that there was no genuine issue of material fact. The court correctly cited WIS. STAT. ch. 842 and ***Fohr*** as the applicable law, and stated that partition is an equitable remedy. The court then examined the relevant facts, including the specific 1985 limitations. It found that the Property was transferred to Matthew and Samantha by gift and not by agreement. After correctly reciting the facts relevant to the dispute, the court determined that partition, or alternatively judicial sale, of the Property was not appropriate because of the 1985 limitations.

¶25 The circuit court "reached a conclusion that a reasonable judge could reach." ***See Prince Corp.***, 369 Wis. 2d 387, ¶47 (citation omitted). Like the limitation in ***Fohr***, the 1985 limitations clearly prohibit the sale of the Property during the heirship, thus forbidding any partition and judicial sale claims. In ***Fohr***, we held that "[t]he general rule is that effect will be given to the intention of the testator as expressed in the will, and that no partition suit will lie before the date so fixed or the happening of the event named." ***Fohr***, 302 Wis. 2d 510, ¶17 (citation omitted). As we previously explained, we find no reason not to extend ***Fohr***'s holding to the 1985 limitations in this case. The named event in this case is the "heirship," which ceases "with the grandchildren of [Emanuel and

Eleanor].”[9]  Therefore, the court did not erroneously exercise its discretion by denying Matthew and Samantha's partition and judicial sale claims based on the 1985 limitations.

## III. Permissible restraint on alienation

¶26  The circuit court concluded that "[t]here is no dispute that the restrictions in the Plaintiffs' deed are restraints on alienation.  But they are permissible restraints on alienation."  Particularly, the court noted that while limitation number three prohibits the sale of the Property during the "heirship," under limitation number two, Matthew and Samantha can dispose of their gifted interest in the Property at any time.

¶27  To the extent Matthew and Samantha appear to claim that the 1985 limitations impermissibly suspend their power of alienation under WIS. STAT. § 700.16, we disagree.[10]  Section 700.16(1)(a) states that "[a] future interest or

---

[9] The circuit court determined that the heirship ends with the death of "all the original grantees in the 1978 and 1979 deeds … or [when] their interests in the property have passed to their heirs …."  Matthew and Samantha contend that the court erred in this regard, because the heirship does not end until the grandchildren of Emanuel and Eleanor have passed.  In other words, the heirship does not end until Matthew and Samantha—and any other grandchildren— have passed or conveyed their interests in the Property.  However, for purposes of our analysis, either interpretation would mean that the 1985 limitations are still in effect, and we therefore do not address the issue.

[10] We note that Matthew and Samantha do not expressly cite to WIS. STAT. § 700.16 for their argument that the 1985 limitations "curtail their right of alienation."  Instead, Matthew and Samantha argue that "[p]ublic [p]olicy [d]isfavors [r]estraints [o]n [a]lienation" under *Crowely v. Knapp*, 94 Wis. 2d 421, 434, 288 N.W.2d 815 (1980).

Alienation is defined as "the conveyance of property to another," *Fohr*, 302 Wis. 2d 510, ¶9, and the limits to its suspension are codified in WIS. STAT. § 700.16.  *See Fohr*, 302 Wis. 2d 510, ¶11; *see also MS Real Est. Holdings, LLC v. Donald P. Fox Fam. Tr.*, 2015 WI 49, ¶51, 362 Wis. 2d 258, 864 N.W.2d 83.  Conversely, "public policy favors the free and unrestricted *use* of property."  *Crowley*, 94 Wis. 2d at 434 (emphasis added).  We will therefore address each of these two distinct issues separately.

trust is void if it suspends the power of alienation for longer than the permissible period. The permissible period is a life or lives in being plus a period of 30 years." The power of alienation is "suspended when there are no persons in being who, alone or in combination with others, can convey an absolute fee in possession of land …." Sec. 700.16(2).

¶28    We do not need to reach the question of whether the permissible period is violated by the 1985 limitations because we conclude that Matthew and Samantha's power of alienation is not "suspended." The power of alienation is not suspended "[i]f there is a present right to dispose of the entire interest, even if its exercise depends upon the consent of many persons." *Becker v. Chester*, 115 Wis. 90, 94, 91 N.W. 87 (1902).

¶29    We addressed in *Fohr* the same argument that Matthew and Samantha now make. There, the plaintiff argued that the will limitation restricting partition was an unlawful restraint on alienation. *Fohr*, 302 Wis. 2d 510, ¶10. Relying on WIS. STAT. § 700.16(2), we concluded there was no unlawful restraint on alienation because the plaintiff had "a way to dispose of his shares if he fe[lt] overburdened by them." *Fohr*, 302 Wis. 2d 510, ¶¶11, 13. In particular, the will allowed the children to sell their respective interests in the property for $8,000. *Id.*, ¶¶2, 13.

¶30    Here, limitation number two of the 1985 limitations provides that "[i]f anyone wants out of the group, they relinquish and forfeit all right and lein [sic]." Under limitation number two, Matthew and Samantha have the ability to convey an absolute fee of their interest in the Property to the Property's other owners. Therefore, Matthew and Samantha can convey their gifted interest at any time, and their power of alienation is not suspended by the 1985 limitations.

15

**IV. Public policy**

¶31 Lastly, Matthew and Samantha contend that the 1985 limitations are barred by public policy principles regarding restrictive covenants. Specifically, Matthew and Samantha argue that limitation number three of the 1985 limitations is not an "express statement" that they "may not sell their interest[] until the children of Emanual [sic] and Eleanor have all passed away," as the circuit court ruled, and therefore it cannot be enforced. In doing so, Matthew and Samantha contend that an "heir" cannot "cease" and that "the strongest reading [of limitation number three] is that the right to inherit the property shall end with the grandchildren of Emanual [sic] and Eleanor …." In other words, Matthew and Samantha interpret limitation number three to mean that the restriction "would be fully enforceable up until the death of the last surviving grandchild, at best," and that they "will never be able to partition [their] interest[] in [the Property]."

¶32 "[P]ublic policy favors the free and unrestricted use of property. Accordingly, restrictions contained in deeds … must be strictly construed to favor unencumbered and free *use* of property." *Crowley v. Knapp*, 94 Wis. 2d 421, 434, 288 N.W.2d 815 (1980) (emphasis added). Thus, a deed provision "which purports to operate in derogation of the free use of property must be expressed in clear, unambiguous, and peremptory terms." *Id.* at 435. However, Matthew and Samantha fail to recognize that public policy disfavors restrictions on the *use*, not alienation, of property. *See id.* at 434 ("[P]ublic policy favors the free and unrestricted *use* of property." (emphasis added)). Matthew and Samantha fail to cite any authority holding otherwise. Therefore, public policy considerations have no bearing on this partition action.

**CONCLUSION**

¶33    We conclude that the circuit court did not erroneously exercise its discretion when it denied Matthew and Samantha's partition and judicial sale claims.  While WIS. STAT. § 842.02(1) does not bar their partition action, partition remains an equitable remedy.  Here, we conclude that the court properly extended the general rule stated in *Fohr*—i.e., "that effect will be given to the intention of the testator as expressed in the will, and that no partition suit will lie before the date so fixed or the happening of the event named"—to the deed limitations.  *See Fohr*, 302 Wis. 2d 510, ¶17 (citation omitted).  Further, we reject Matthew and Samantha's public policy arguments, as the 1985 limitations do not restrict their "use" of property.  Lastly, because the 1985 limitations expressly provide Matthew and Samantha the ability to dispose of their gifted interest in the Property to others, their power of alienation is not suspended.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.

17